(No. 19902.

Rose Logar, Appellee, *vs.* Walter A. O'Brien, Appellant.

*Opinion filed April 17, 1930—Rehearing denied June 6, 1930.*

W. F. Mayer, for appellant.

Beach & Beach, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

From a decree of the superior court of Cook county setting aside a sale of real estate under an execution and a deed of the bailiff of the municipal court of Chicago based on that sale, Walter A. O'Brien, the grantee in the deed, has appealed.

The bill alleged as grounds for the relief prayed for, that the complainant, Mrs. Rose Logar, and Louis Logar, her husband, were the owners in joint tenancy of the premises in question, which were occupied by them and constituted their homestead; that Joseph McCarthy and John McCarthy sued the complainant in the municipal court for work done upon other premises for which she had paid them; that she employed an attorney and informed him of her defense, and he promised to notify her of the time of the trial but did not do so, though she was in Chicago and had been ready for trial since May, 1927; that she was not served with any notice or execution, and the first notice she received was a written demand for the possession of the premises dated October 15, 1928, and signed "Walter A. O'Brien;" that the claim of the McCarthys on which they sued her was for $69.95, and James H. Hooper became the purchaser at the execution sale on July 6, 1927, for $93.66, but no steps were taken at the sale to comply with the requirements of the statute in regard to the sale

upon execution of real estate in which the owner has a homestead estate; that the premises consisted of a lot with a three-story stone-and-brick building in front and a brick cottage in the rear, are worth $35,000, are incumbered with a mortgage of $10,000, and the rents from them are $7000 a year; that the complainant did not learn the facts until October 15, 1928, and she tenders and offers to pay what, if any, amount shall be found to be due upon the hearing of the cause but she does not intend to waive her rights to defend against the unjust claim of the McCarthys. The bill alleged that the complainant believed that O'Brien served the demand for possession to enable him to bring suit for possession of the premises, and prayed for an injunction against his doing so as well as for the setting aside of the sale and deed.

The defendant, Walter A. O'Brien, answered the bill, denying its allegations in detail, averring the recovery of a judgment for $69.93 in the municipal court by the McCarthys against the complainant on May 27, 1927, the issue of execution on June 1, its levy on June 6 and the sale of the premises on July 6, 1927, to Hooper for $93.66, the purchase of the certificate of sale from Hooper on September 15, 1928, and its assignment to O'Brien, and the execution of a deed to him by the bailiff on October 8, 1928.

The cause was referred to a master, who made his report finding the recovery of the judgment against the complainant for $69.95, the issue and levy of the execution, the sale to Hooper and the execution of the deed to O'Brien as Hooper's assignee; that on October 15, 1928, O'Brien served a demand for possession of the premises on the complainant; that prior to the sale the complainant knew that judgment had been entered against her but prior to service upon her of the demand for possession she did not know of the sale; that on May 5, 1924, the complainant and her husband acquired title, as joint tenants, to the premises in question, which are improved with a three-story and base-

ment brick building and a two-story brick building in the rear; that the complainant had lived on the premises since May 5, 1924, and at the time of the various proceedings under the judgment she had a homestead in the premises; that at the time the complainant purchased the premises in question they were incumbered with a mortgage indebtedness of $16,000, which was reduced to $10,000 prior to June 7, 1927, when a new mortgage was made, which has since been reduced to $9000; that there are no incumbrances on the premises and they were worth $27,000 at the time of the sale; that the homestead of the complainant was never set off; that no offer was made, prior to the sale, of the money required by statute to be paid for the homestead and that the complainant had at all times sufficient money to pay the judgment. Objections to the report were overruled by the master and were renewed as exceptions before the chancellor but were not sustained. The decree followed the findings of the master, set aside the sale and deed as a cloud on the complainant's title and ordered O'Brien to deliver the deed, to be canceled by the clerk of the court upon payment by the complainant to him of $93.66, with interest at five per cent from July 6, 1927, within five days after such payment.

The sale was for a grossly inadequate price and was contrary to equity and good conscience. The complainant, because of the neglect of her attorney, made no defense to the action in the municipal court, but she knew of the judgment after it was rendered and before the sale under the execution. She did not, however, know of the sale before the demand was made upon her, after the execution of the deed, for possession of the premises. The execution was not served upon her, she had no notice of it and no demand was made upon her for its payment, though she had ample resources to satisfy the execution had payment been demanded of her. Property worth $27,000 was sold for less than $100—about one-half of one per cent of the

value of her equity—without demand of payment or notice to her. The evidence does not, in our judgment, sustain the appellee's claim to a homestead in the premises. While it is well settled that mere inadequacy of price is not a sufficient reason for setting aside a sale under execution where the sale is subject to redemption, this court has uniformly held, where property has been sold at a judicial sale for a grossly inadequate price, that even slight circumstances indicating unfairness or fraud will furnish sufficient ground for equitable interference. (*Magnes* v. *Tobias,* 337 Ill. 605; *Block* v. *Hooper,* 318 id. 182.) In the first of these cases the circumstances that the execution debtor and owner of the property was not notified to pay the judgment and the execution was not served on her, in connection with the sale of property worth $35,000, in which the defendant had an equity of $24,000, for $107.73, were regarded as sufficient in equity to require the granting of relief to the judgment debtor by setting aside the sale and deed upon payment of the amount of the sale and interest. In *Hamilton* v. *Quimby,* 46 Ill. 90, the rule is stated that if an execution has been duly issued against the defendant and the officer has performed his duty by giving him notice that he holds the writ, and then a sale has been made of a large amount of property for a very small sum, the sale ought not to be set aside for mere inadequacy of consideration; but even then, where there is gross inadequacy, the court will seize upon anything indicating unfairness in the plaintiff to afford relief. Various incidents have been seized upon by the courts to grant relief where there has been a gross inadequacy of price, and the additional circumstances need not be sufficient in themselves to set aside the sale if they tend to show that an unfair advantage was taken or that the sale was conducted in a manner prejudicial to the rights or interest of the persons interested.

In *Davis, Cory & Co.* v. *Chicago Dock Co.* 129 Ill. 180, an execution was issued against the Chicago Dock Com-

pany upon a judgment for one cent and costs, amounting to $8.75. It was levied on real estate worth $350,000, which was afterward sold on the execution to the plaintiffs' attorney for $17.25. The certificate of sale was assigned to one of the plaintiffs, to whom the sheriff later made a deed. The grantee subsequently made an assignment for the benefit of creditors and the dock company claimed the right to redeem from the sale. In the opinion of this court it is said that it was the duty of the sheriff to notify the defendant in execution before making the levy and apply to it for payment of the execution. It was not held that the failure of the officer to make the demand would be sufficient to avoid the sale or that the inadequacy of price would be sufficient, but it was held that there was no necessity to levy upon the large amount of property that was levied on, and no excuse was given for not pursuing the ordinary course and making the demand before making the levy, and there was no reason why the large amount of property should be advertised and sold for the insignificant amount of the execution within thirty days from the date of the execution without any actual notice to the defendant or demand of payment. The statement of the court, "it seems clear that it was not the payment of the execution alone that was sought by the plaintiffs' attorney," has its application to this case. It seems apparent that the plaintiffs, or the plaintiffs' attorney, or the purchaser, desired rather to enrich himself or themselves and to despoil the complainant of this property for a mere trifle than to collect the execution, only. A court of equity will interfere to prevent the success of such a scheme when brought to its attention. The complainant was in continuous possession of the premises from the time the judgment was rendered against her until the filing of her bill, and O'Brien was therefore charged with notice of her rights. *Wilkinson* v. *Cox*, 228 Ill. 306.

It is assigned for error that the costs should not have been taxed against O'Brien, and this assignment must be sustained. A sale upon execution will be set aside in equity only upon equitable terms, and these usually include the return of the judgment or the bid, according to the circumstances. (*Diets* v. *Hagler*, 309 Ill. 381.) The judgment was a lien upon the premises, which the plaintiffs had a legal right to enforce by execution and the sale of the premises. When the complainant filed her bill for equitable relief in regard to the sale she was subject to the equitable requirement that he who seeks equity must do equity. She had no equitable claim against the judgment but was bound to pay it and should have tendered the amount equitably due the purchaser. Having failed to do so she cannot charge him with the costs which might have been avoided by the tender.

Objections are made to the form of the decree, which set aside the sale and deed and directed O'Brien to deliver the deed to the clerk for cancellation upon payment by the complainant to O'Brien of $93.66, with interest at five per cent from July 6, 1927, within five days after the payment of that sum, but did not direct the payment of that sum within any time. This defect can be remedied upon the entry of the decree hereafter directed.

The decree is reversed and the cause is remanded to the superior court of Cook county, with directions to enter a decree setting aside the sale under the execution and the deed to O'Brien as a cloud upon the title of the complainant, upon the payment by the complainant to the clerk of the superior court, for the use of O'Brien, of $93.66, with interest at five per cent from July 6, 1927, together with the costs of the case in the superior court, within thirty days from the entry of the decree.

*Reversed and remanded, with directions.*