(No. 35913.—

GRACE MILNER, Appellee, *vs.* WALTER W. DENMAN *et al.*— (JOHN C. BACON, Appellant.)

*Opinion filed January 20, 1961.*

D. VARRAVETO, JR., and L. A. WESCOTT, of Chicago, for appellant.

LEREN & BUREK, of Wheaton, (ALEXANDER J. BUREK, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Plaintiff brought her suit in equity to set aside a sheriff's deed conveying plaintiff's real estate to defendant-appellant, John C. Bacon, and to give plaintiff the right to redeem from the execution sale under which said deed had been issued, after the period of redemption had expired. The sale had been had pursuant to execution and levy on transcript of

judgment of the superior court of Cook County filed in the circuit court of Du Page County. Plaintiff's complaint was based on the alleged fraud and conspiracy of certain of the defendants, including the appellant. After a hearing on the merits, a decree was entered on the court's findings in favor of the plaintiff, from which decree the defendant John C. Bacon has taken this appeal.

Defendant Bacon contends that this action constitutes a collateral attack on a judgment of the superior court of Cook County; that no fraud or conspiracy has been shown; that mere inadequacy of sale price is insufficient to set aside an execution sale; and that he was a *bona fide* purchaser at the execution sale. Plaintiff, however, maintains that the record supports a decree permitting equitable redemption in the light of all the circumstances.

Much in the record before us is undisputed. Defendant Oscar W. Harman, an attorney practicing in the city of Chicago was retained by plaintiff, Grace Milner, in the early part of January, 1956, at the recommendation of defendant Walter W. Denman, to represent her in the Patrick estate then pending in the probate court of Cook County since 1952, and of which plaintiff was the sole legatee. Walter Denman was then a clerk in the superior court of Cook County.

On February 14, 1956, plaintiff received at the office of Harman a check for $13,244.79, being her distributive share under the estate, and at that time a discussion was had between plaintiff and Harman relative to fees.

On March 8, 1956, Harman filed a suit in the superior court of Cook County against Grace Milner for $900 attorney's fees for services in connection with the Patrick estate. Miss Milner was personally served at 1020 Wellington Avenue, Chicago, where she then resided. No appearance or answer was filed by Grace Milner and Harman defaulted her and proved up his judgment in said cause for $900 and costs.

No execution was issued from the superior court of Cook County, but a transcript of the judgment was duly filed in the circuit court of Du Page County, on April 17, 1956, by the said Oscar W. Harman, and docketed. Execution thereupon was issued on April 17, 1956, but pursuant to written instructions by Harman, Grace Milner was not served with the execution. The sheriff of Du Page County returned said execution May 22, 1956, satisfied in full by sheriff's sale had on the same date after first publishing and posting notice thereof as required by law.

The sale was attended by one Javaras, who bid the property in for $1012.35, on behalf of defendant John C. Bacon, and sheriff's certificate of sale was issued to Bacon. No redemption being made, the sheriff's deed then issued September 16, 1957, and was recorded in the recorder's office of Du Page County on September 18, 1957.

Plaintiff testified that in December of 1955, while in a Dr. Crawford's office in Chicago, she met the defendant Walter Denman, for the first time. In the conversation she discussed with Denman her difficulties in reference to the Patrick estate, which was pending in Cook County, in which estate she was the residuary legatee.

Defendant Denman told the plaintiff, "Well, you need a lawyer," and promised that he would find one for the plaintiff, and subsequently took the plaintiff to see the defendant Oscar Harman. This occurred in the early part of January, 1956. The plaintiff, Grace Milner, retained Harman to represent her in the Patrick estate. Also at that first meeting between the plaintiff and defendant Harman, plaintiff informed him that she was buying some business property in Du Page County under contract.

Defendant Oscar Harman filed his appearance in the Patrick estate in Cook County on January 9, 1956, and on February 17, 1956, the Patrick estate was closed, and there was delivered to the plaintiff, in Harman's office, a check for her interest in the amount of $13,244.79. Thereafter there

was a discussion between Grace Milner and her attorney, Oscar Harman, in reference to the fees to be paid to Harman, the plaintiff testifying that Harman said something about $300, and then invited her to dinner. Defendant Harman drove the plaintiff to her home at 1020 Wellington Avenue, Chicago, where the plaintiff resided. The question of fees was not determined.

The plaintiff took her money and paid the balance of $9,580 due under the said contract of sale for the Du Page property for a total sale price of $14,300, and obtained title on February 24, 1956. This property in Du Page County was business property improved with a restaurant, with a monthly income of $125 per month. Grace Milner continued to collect the rents on this business property, collecting the rents through June of 1957, and made all payments for the upkeep and repairs of the premises, until September of 1957.

On March 8, 1956, twelve days after Grace Milner obtained the deed to her business property in Du Page County, defendant Oscar Harman filed suit for fees in the superior court of Cook County for the sum of $900. The complaint was drawn by the defendant Harman, and on the summons he directed the sheriff to serve Grace Milner at 1020 Wellington Avenue. The summons was served on the plaintiff on March 9, at that address.

Plaintiff testified that upon receipt of the summons, she took it to defendant Walter Denman, and asked him about it, and Denman informed her it was not legal because of the amount claimed, and advised the plaintiff to ignore it; that he, Denman, would call attorney Harman and see what he could do about it.

Grace Milner testified that she never received a written statement from Harman in reference to fees, and that she never learned of any action taken by defendant Oscar Harman in reference to the law suit.

George Matthews, a deputy sheriff of Du Page County in charge of sheriff's sales, testified that defendant Javaras

brought to him the levy to be made by the sheriff's office on the plaintiff's property in Du Page County. He also testified that in the normal course of events the sheriff's office notifies the defendant by mailing a copy of the notice of sale, in addition to the usual statutory requirements to effect a sale by the sheriff. He further testified that when the execution was delivered to him by defendant Javaras there was no address given as to the residence of the plaintiff, Grace Milner, but as a matter of fact there was a written instruction in the name of attorney Oscar Harman, directing the sheriff not to serve Grace Milner. George Matthews called Harman on April 20, 1956, and talked to him about the address of the plaintiff, Grace Milner, but Harman told Matthews that there was no known address for plaintiff, Grace Milner, and not to serve her. This fact was noted on the sheriff's records by notation in the handwriting of George Matthews. No notice was mailed to the plaintiff, Grace Milner.

Defendant Denman denied that plaintiff had ever showed him a summons or other legal papers, and testified that when she told him that Oscar Harman's bill was too high, he advised her to pay it.

Defendant Harman testified that plaintiff had agreed to send him a check for $900 as soon as she cashed her settlement check. He also contends that on March 4, 1956, five days before commencing suit against plaintiff he wrote her that he had placed a lien upon her real estate, and that if she would send him a check for $900 he would send her an additional distribution in the Patrick estate and would release the lien on her property. No lien was in fact placed on the property, and plaintiff denies receiving the letter. Subsequent to the sheriff's sale, Harman mailed plaintiff an additional distribution out of the Patrick estate which she received. This letter made no reference to the fact that plaintiff's real estate had been sold and a certificate of sale issued.

Harman, Bacon and Javaras all denied complicity in the transaction but admitted they were mutual friends and Har-

man had advised Bacon and Javaras of the sale. They denied that Javaras had transmitted Harman's instructions to the sheriff.

At the conclusion of the proofs the trial court made the following findings of fact:

"Although defendant Oscar W. Harman never sent a statement for fees to the plaintiff, Grace Milner, he instituted suit in the Superior Court of Cook County within three weeks after the services he rendered to her had been completed. American Bar Association Canon No. 14 provides: 'Controversies with clients concerning compensation are to be avoided by the lawyer so far as they shall be compatible with his self-respect and with his right to receive reasonable recompense for his services, and lawsuits with clients should be resorted to only to prevent injustice, imposition or fraud.'

"It is the opinion of the Court that this lawsuit was premature and that had Mr. Harman been justified in resorting to this action, he owed a duty to his client to keep her advised as to every step he took in the prosecution of his suit and the collection of any judgment secured therein.

"Defendant, Oscar Harman, in his purported letter of March 4, 1956, stated that he had placed a lien upon the plaintiff's premises in Du Page County. No such lien was ever filed and the Court is of the opinion that the plaintiff did not receive this letter, for if she had she certainly would have taken steps to have any lien upon her property released, especially a lien for $900.00 upon property worth many times that amount.

"Although defendant, Oscar Harman, in his letter of March 4, 1956, states that he cannot find Miss Milner, he secured service upon her at the Wellington Street address on April 9, 1956.

"Judgment was secured against the plaintiff, Grace Milner, in the Superior Court of Cook County, Illinois, without notice to her even though a client-attorney relationship had

existed, which required the attorney to give every possible notice to his client of the action taken.

"That without serving an execution in Cook County, a transcript was filed in Du Page County, Illinois, on which no execution was served on the plaintiff, Grace Milner, and Oscar Harman directed the Sheriff not to serve the execution upon Grace Milner, which direction was known to Mr. Javaras, the agent of John C. Bacon.

"Six days after the sale Oscar Harman wrote to the plaintiff, Grace Milner, at 1020 Wellington Avenue, Chicago, sending her the check he had in his possession, in which letter no mention was made of this sale. This letter was received by the plaintiff through the United States mails."

The court further found that the amount bid at the sale was grossly inadequate, and decreed that the sale be set aside; that title to the premises is in plaintiff, and plaintiff's deposit of $1,185.31 be turned over to defendant Bacon in full satisfaction of plaintiff's redemption.

We have carefully examined the record before us, and although there is some conflict in the testimony, we think the evidence fully supports the findings of the trial court. Indeed it does not appear that these findings are strongly disputed. Defendant Bacon, however, argues that there is no fraud sufficient to permit a collateral attack on a judgment of the superior court of Cook County to be sustained in Du Page County. We think this argument misses the mark. The present attack, and the relief granted, do not vitiate the superior court judgment. Harman's original judgment has been satisfied and defendant Bacon has received his full redemption money. This suit is an attack only upon the supplementary proceeding in the circuit court of Du Page County, and that court had full jurisdiction of the subject matter and the parties. *Barnes* v. *Freed,* 342 Ill. 73.

Defendant Bacon next argues that fraud cannot be presumed and inadequacy of price alone is not sufficient to set

aside an execution sale. With these general statements we may agree. The requirements for equitable redemption have been repeated many times by this court. In *Rogers* v. *Barton,* 386 Ill. 244, 250, we stated: "It is well settled in this State that gross inadequacy of price is not of itself sufficient to set aside a judicial sale, yet when such inadequacy is shown, coupled with slight circumstances indicating unfairness or fraud, either upon the part of the officer, the purchaser or the party to the record benefited by the sale, it will be sufficient for equitable intervention. Under such circumstances, the purchaser at a judgment sale can retain his advantage only by showing that he acquired his title by proceedings free from fraud or irregularity. (*Barnes* v. *Freed,* 342 Ill. 73; *Block* v. *Hooper,* 318 Ill. 182; *Miller* v. *McAlister,* 197 Ill. 72.) If the inadequacy of the sale price is any way traceable to, connected with or shown to have been the result of mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be vacated. All facts which tend to show that any unfair advantage was procured by the purchaser or person benefited by the sale are competent to be considered and may amount to evidence of fraud. *Block* v. *Hooper,* 318 Ill. 182; *Logar* v. *O'Brien,* 339 Ill. 628; *Magnes* v. *Tobias,* 337 Ill. 605."

In the case at bar the real estate was sold for just enough to satisfy a $900 judgment plus court costs. The defendants admit the property was worth at least $5,000, while plaintiff contends it is worth $20,000. It was commercial property yielding an annual rental of $1500. Clearly the sale price is inadequate.

This inadequacy of price is coupled with the fact that defendant Harman proceeded with great haste to obtain a default judgment against a former client. He made no effort to inform his former client of the fact that he intended to take a default, that a default had been taken, or that a sheriff's sale was to be held. We think the admitted procedure of defendant Harman indicates a deliberate attempt

to conceal the sale of plaintiff's real estate. The actions of Harman in relationship to his recent client are far more consistent with a desire to obtain an unfair advantage than to collect a proper fee.

From the record before us, we think it clear that the trial court was justified in finding that the sheriff's sale was tainted by concealment and improprieties, coupled with gross inadequacy of price, and that it was properly set aside. *Rogers* v. *Barton,* 386 Ill. 244; *Barnes* v. *Freed,* 342 Ill. 73; *Block* v. *Hooper,* 318 Ill. 182.

Defendant Bacon contends, however, that he is a *bona fide* purchaser at the sheriff's sale, and is entitled to his bargain regardless of any irregularities in the proceedings. Ill. Rev. Stat. 1959, chap. 77, par. 35a.

It is undisputed that defendant Javaras attended the sale and bid on the property as agent for Bacon, after they were advised of the sale by their mutual friend, Harman. The evidence also tends to prove that Javaras delivered necessary papers and instructions to the sheriff of Du Page County to proceed with the sale without service of execution or the customary notice of sale upon the plaintiff. Under these circumstances we think the trial court was justified in holding that Bacon was not entitled to retain the fruits of his bargain by virtue of being a *bona fide* purchaser.

In conclusion we think the trial court properly permitted equitable redemption by the plaintiff, on the ground of gross inadequacy of price coupled with apparent concealment and misconduct making it inequitable to permit the purchaser to retain his unfair advantage. The decree of the circuit court of Du Page County is accordingly affirmed.

*Decree affirmed.*