Jack Stanislaw, J.
Plaintiff moves to set aside and vacate all proceedings heretofore had in a mortgage foreclosure action, commencing with the order of reference up to and including the sale of the premises to Martin Lang and Mitchell Eifkin (“purchasers”), on the ground that, through error, one of the judgment creditors was not served in the action. The original papers were filed by the title company, after the continuation search was made. An employee of the title company added a judgment creditor to the original papers as a party defendant, but failed to advise plaintiff’s counsel of the addition. Unaware that an addition was made, plaintiff’s counsel never served that judgment creditor.
The purchasers cross-move to direct the Eeferee to close title and deliver a deed free of the lien of the unserved judgment creditor or, in the alternative, for a refund of their down payment of $5,000 plus expenses.
The unserved judgment creditor submits an affidavit requesting that the sale proceed and that its lien be satisfied out of the surplus moneys. But such payment would clearly be a preference, prejudicial to other judgment creditors, occasioned solely by a technical error. The unserved judgment creditor may, of course, waive service, but has made no such offer.
The error, in this case, was clearly inadvertent. To permit the consequences would work an injustice. A mortgage foreclosure is equitable in nature (Bieber v. Goldberg, 133 App. Div. 207; Josephson v. Caral Real Estate Co., 200 N. Y. S. 2d 1016) and there is vested in equity the right to prevent injustice (Noyes v. Anderson, 124 N. Y. 175). In doing so, the court must balance the equities of the parties in determining what, if any, relief shall be given (Smith v. City of Buffalo, 191 Misc. 439). The plastic remedies of equity should be molded to suit the special circumstances of each case, to best protect the rights of all parties (Foreman v. Foreman, 251 N. Y. 237; Dry Dock Sav. Inst. v. Harriman Realty Corp., 150 Misc. 860).
In the interest of justice, the prior judgments and proceedings in this case should be set aside so that all judgment creditors, named in the original papers, may be served. Only then may each party assert his respective claim equitably without taking unfair *1045 advantage of inadvertent technical errors at the expense of others.
Purchasers’ deposit of $5,000 should be returned by the Referee. Purchasers should also be reimbursed for the expense of the title search plus the sum paid for draining the plumbing and heating system of the premises. Those sums shall be paid by the plaintiff and added as an expense of sale.