[No. 1442-3.    Division Three.    June 24, 1976.]

DON MAJER, ET AL, *Appellants*, v. RANDY FOSSEEN,
*Respondent.*

*Lawrence Cary Smith,* for appellants.

*Ned M. Barnes* and *Witherspoon, Kelley, Davenport &
Toole,* for respondent.

GREEN, J.—Plaintiffs Majer appeal from a judgment denying them, after expiration of the statutory 1-year redemption period, the right to redeem certain real property sold in a mortgage foreclosure proceeding.

The sole issue is whether the court abused its discretion in refusing to apply equitable principles and allow the redemption. This issue is presented on stipulated facts.

On August 27, 1960, plaintiffs executed a promissory note in favor of Securities Intermountain, Inc., secured by a mortgage on their family home. The note and mortgage were assigned by Securities Intermountain to Northwestern National Life Insurance Co. in October 1960. Plaintiffs made payments on the note until they petitioned for bankruptcy on January 21, 1971. They filed a declaration of

homestead covering their home on June 19, 1971. On January 20, 1972, Northwestern filed an action to recover judgment upon the note and to foreclose the mortgage, joining other parties holding liens or mortgages on that property. An order of default was entered January 10, 1973, followed by entry of a judgment and decree of foreclosure. Plaintiffs' home was sold at a sheriff's sale on May 11, 1973, to Northwestern, the sole bidder, for $29,018.53, the amount due on the judgment. A sheriff's certificate of sale was issued to Northwestern on May 11, 1973. In September, the certificate was sold to C. D. Martin, who sold and assigned it to the defendant, Randy Fosseen, in October. The sale was confirmed May 15, 1974, and on May 20, 1974, a sheriff's deed was issued to the defendant.

During this period, plaintiffs were also faced with another foreclosure action by four creditors holding security interests in farmland. This action resulted in a judgment on August 18, 1971, and foreclosure on the farmland in favor of these creditors. This property was sold at a sheriff's sale for about $50,000 less than the amount of the judgment.

Plaintiffs had 1 year from the date of sale, or until May 10, 1974, to redeem their home. RCW 6.24.130(1);[1] RCW 6.24.140.[2] On May 10, 1974, plaintiffs and their financial backer met with the defendant for the purpose of redeeming the home. At this meeting, the parties realized that the deficiency judgment in favor of the four judgment creditors on the farmland had not been satisfied. The existence of these unpaid judgments caused plaintiffs' financial backer

---

[1] RCW 6.24.130(1):

"Property sold subject to redemption . . . may be redeemed by . . .

" (1) The judgment debtor . . ."

[2] RCW 6.24.140:

"Unless redemption rights have been precluded pursuant to RCW 61.12.093 et seq., the judgment debtor . . . may redeem the property at any time within one year after the sale, on paying the amount of the bid, with interest thereon at the rate of eight percent per annum to the time of redemption, together with the amount of any assessment or taxes which the purchaser or his successor in interest may have paid thereon after purchase, and like interest on such amount . . ."

to withdraw pending further investigation, making it impossible for plaintiffs to redeem on that day. On May 15, 1974, on motion of defendant an order was entered confirming the foreclosure sale and the sheriff issued a deed to defendant and his wife to the home. After May 10, 1974, arrangements were made with the four judgment creditors and plaintiffs obtained financial backing and again offered to redeem the property. However, negotiations with defendant for redemption proved unsuccessful and this action was brought to obtain an equitable extension of the 1-year period to allow the redemption. The extension was denied and this appeal followed.

Plaintiffs' position is that courts have the inherent power to set aside a foreclosure sale or, in the alternative, permit an extension of the redemption period on equitable principles where the mortgagor has been taken undue advantage of due to mistake or surprise preventing him from making a timely redemption. In this case, plaintiffs contend the trial court erred in refusing to apply equity principles and allow the redemption because (1) the mortgage holder, Northwestern Life, failed to join the four judgment creditors in its foreclosure action and thus failed to extinguish their interests, all of which was not discovered by plaintiffs until the day of redemption; and (2) the sale should have been set aside for gross inadequacy of price. While we do not disagree with plaintiffs' basic position, we find it is not applicable in this case and affirm.

In *Graves v. Elliott*, 69 Wn.2d 652, 657, 419 P.2d 1008, 1011 (1966), the court recognized the long established principle that redemption rights are statutory and not equitable:

> The right to redeem property sold under execution is not an equitable right created or regulated by principles of equity. It is a creature of statute and depends entirely upon the provisions of the statute creating the right. *Hays v. Merchants' Nat. Bank*, 14 Wash. 192, 44 Pac. 137; *Geddis v. Packwood*, 30 Wash. 270, 70 Pac. 481; *Schmidt v. Worley*, 134 Wash. 582, 236 Pac. 111 . . .

*See also Kuper v. Stojack*, 57 Wn.2d 482, 358 P.2d 132 (1960); *State ex rel. Bryant v. Starwich*, 131 Wash. 101, 108, 229 P. 12 (1924); *State ex rel. Twiss v. Carpenter*, 19 Wash. 378, 53 P. 342 (1898).

However, plaintiffs urge that courts have extended the time for redemption or set aside foreclosure sales based on equitable principles. They rely heavily upon *Graffam v. Burgess*, 117 U.S. 180, 192, 29 L. Ed. 839, 6 S. Ct. 686 (1886), for the proposition that equity will intervene in appropriate circumstances to either set aside a foreclosure sale or permit the redemption by extending the statutory period. In that case, the court stated·

> From the cases here cited we may draw the general conclusion that, if the inadequacy of price is so gross as to shock the conscience, or if, in addition to gross inadequacy, the purchaser has been guilty of any unfairness, or has taken any undue advantage, or if the owner of the property, or party interested in it, has been for any other reason, misled or surprised, then the sale will be regarded as fraudulent and void, or the party injured will be permitted to redeem the property sold. Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud.

In *Graffam*, it is clear that the court concluded that those foreclosing and purchasing the property had been guilty of inequitable conduct by engaging in a scheme to

> keep possession of the complainant's property, worth $10,000, to satisfy a paltry claim of less than $200; and this has been accomplished by keeping from her all knowledge of the device, lulling her into security until the year for redemption passed by, having her operations watched and her footsteps dogged, and clandestinely seizing possession in her temporary absence.

and:

> Looking at the whole case, the traces of design on the part of Graffam to mislead the complainant, to lull her into security, and thus to prevent her from redeeming the property, are abundantly manifest, and such design must be assumed as an established fact in the case.
> It is hardly necessary to cite authorities on a matter

the solution of which depends on the application of such obvious principles of equity and justice. As already perceived, we do not rest our conclusion alone upon the gross inadequacy of the consideration of the sale; but upon that, in connection with the unfair conduct of the defendant in taking advantage of the complainant's ignorance of the sale, and giving her no intelligible notice or intimation of it, or of his intended seizure of the property after the year of redemption had passed, but standing by and seeing her expend large sums of money upon it, even after the year had expired.

*Graffam v. Burgess, supra* at 186, 190-91. Indeed, each of the other cases relied upon by plaintiffs in seeking an extension of the statutory period for redemption or to set aside a foreclosure sale rests upon some inequitable conduct by the one foreclosing and purchasing the property and are therefore distinguishable.[3]

Thus, we ask in this case, "What inequitable conduct was engaged in by Northwestern, Mr. Martin, or the defendant?" The trial court found none and our search of the record reveals none.

Plaintiffs assert that the failure to join the four judgment

---

[3]*Malo v. Anderson,* 62 Wn.2d 813, 384 P.2d 867 (1963) (Creditor gave no notice of sale, utilized statute in unauthorized manner, received sheriff's deed January 17, 1956, and allowed unwary debtor to remain in possession, pay mortgage, and real estate taxes, prior to action to quiet title on March 8, 1961.); *Baldwin-Bellmore Fed. Sav. & Loan Ass'n v. Stellato,* 55 Misc. 2d 1043, 287 N.Y.S.2d 516 (1968) (Junior Lienors not joined as required by execution statute.); *Smith v. Kessler,* 43 Cal. App. 3d 26, 117 Cal. Rptr. 470 (1974); *Milner v. Denman,* 21 Ill. 2d 182, 171 N.E.2d 654 (1961); *Young v. Barker,* 83 Cal. App. 2d 654, 189 P.2d 521 (1948); *Mohr v. Sibthorp,* 395 Ill. 418, 69 N.E.2d 487 (1947); *Block v. Hooper,* 318 Ill. 182, 149 N.E. 21 (1925); *Odell v. Cox,* 151 Cal. 70, 90 P. 194 (1907) (Creditor gave no notice of execution sale, price bid substantially lower than value of land, and unfair advantage taken of debtor.); *Powers v. Powers,* 221 Cal. App. 2d 746, 34 Cal. Rptr. 835 (1963) (Debtor granted leave to amend complaint to show inequitable factors justifying relief from failure to redeem.); *Washington Mut. Sav. Bank v. Horn,* 186 Wash. 75, 56 P.2d 995 (1936); *Mellen v. Edwards,* 179 Wash. 272, 37 P.2d 203 (1934) (Sale confirmed and no equitable extension granted even though value of the property was greater than the price bid since the sale was conducted according to statute and no inequitable conduct, *i.e.,* bad faith, or unfair advantage, was engaged in by the creditor.).

creditors in the foreclosure action constituted inequitable conduct because it misled them into believing these judgments had been satisfied and when it was discovered they were not satisfied, it caused delay in financing the redemption. This argument fails for several reasons. First, plaintiffs received a copy of the summons and complaint on foreclosure which named all of the parties to that proceeding. The four judgment creditors were not listed as parties. Therefore, it should have been no great surprise, on May 10, 1974, the last day for redemption, for plaintiffs to find those judgments not extinguished by the foreclosure. Moreover, they were plaintiffs' creditors, not creditors of the defendant. If anyone should have known whether the judgments were paid, it should have been plaintiffs. Secondly, because of plaintiffs' homestead declaration, these judgments were not liens upon the family home. RCW 6.12.090; *Lien v. Hoffman*, 49 Wn.2d 642, 306 P.2d 240 (1957). At no time did these creditors seek to execute upon the family home in accordance with the procedures outlined in the homestead statutes, RCW 6.12.140-.250. Consequently, the judgment creditors were not necessary parties to the foreclosure proceeding.

Plaintiffs' contention that the sale should be set aside for gross inadequacy of price must also fail. Although plaintiffs received notice of every step of the proceeding, they never registered an objection to the selling price of the property until this action was commenced long after the sale had been confirmed by the court. It is stipulated the value of the property on the date of trial was $60,000. This was almost 2 years after the sale. Consequently, while this may be sufficient proof of its present value, it is insufficient proof of value on the date of the sheriff's sale. The only other evidence of value is the amount of $48,000 stated by plaintiffs in their homestead declaration filed in June 1971. In light of the record, the trial court properly refused to extend the time for redemption, based upon inadequacy of the sale price.

The stipulated facts show that plaintiffs, in possession of

the property after their default and throughout the redemption period, made no payments on the mortgage. There is no showing that defendant or his predecessors-in-interest engaged in any inequitable conduct to the detriment of plaintiffs who did not challenge the sale until long after the redemption period had expired.

The trial court's findings of fact to which error has been assigned are supported by substantial evidence and will not be disturbed. Those findings support the conclusions of law and judgment.

Affirmed.

McInturff, C.J., and Munson, J., concur.

Petition for rehearing denied August 23, 1976.

Review denied by Supreme Court January 25, 1977.