[No. 3545. Decided October 28, 1902.]

FRED L. GEDDIS, *Respondent,* v. S. T. PACKWOOD, *Appellant.*

FORECLOSURE OF MORTGAGE — REDEMPTION BY JUDGMENT CREDITOR.

A judgment creditor had no right of redemption from a mortgage foreclosure sale which was made prior to the act of 1897

(Laws 1897, p. 75, § 15), which was the first enactment in this state conferring upon judgment creditors such right, but which expressly declared that rights of redemption from sales rendered prior thereto should remain unaffected.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge. Affirmed..

*Graves & Englehart,* for appellant.

*Kauffman & Frost,* for respondent.

PER CURIAM.—Respondent (plaintiff) purchased certain real estate in Kittitas county at a mortgage foreclosure sale. At the time of the sale, appellant, Packwood, owned two judgments which he claimed were liens on the same premises. Appellant made application as judgment creditor to redeem from the foreclosure sale. Respondent thereupon brought this suit to enjoin the sheriff from issuing a certificate of redemption, and appellant was permitted to intervene. The superior court ruled against appellant's right to redeem. Upon consideration of the record, it is concluded that the appellant has valid judgment liens upon the said premises, and therefore the only substantial issue presented is whether a judgment creditor can redeem from a judgment foreclosing the mortgage, entered prior to the act of 1897, relating to sales under executions and redemption therefrom. In *Parker v. Dacres,* 2 Wash. T. 439 (7 Pac. 893), it was determined that there was no right of redemption from a mortgage foreclosure after sale. Thereafter the act of February 3, 1886, was enacted, which is found in 2 Hill's Code, § 513, where it is provided that the judgment debtor or his successor in interest may redeem; but no mention of, or provision for, the judgment creditor, was made in said section. The act of 1897 (Laws 1897, p. 75, § 15), confers upon the judg-

ment creditor the right to redeem at execution and fore-closure sales.    But § 18 provides that the rights of re-demption from sales made upon judgments rendered prior thereto shall remain unaffected.    The act of 1899 (Laws 1899, p. 89, § 7), also confers upon and maintains for the judgment creditor the right of redemption.    But §18, p. 95, expressly repeals all the preceding acts relating to re-demption, and provides that such repeal shall not affect any rights existing under the former redemption acts.    It may be observed the right to redeem on the foreclosure sale is statutory.    (See *Parker v. Dacres, supra.*)    No statute is found which extends the right of redemption from fore-closure sales to the judgment creditor until the statute of 1897, *supra;* and it was again conferred in the act of 1899, *supra.*    But in each act there is an express reservation that such rights conferred shall not be applicable to judg-ments entered before their enactment.    Upon this review it is concluded the judgment of the superior court should be affirmed.