[No. 35450. Department Two. December 29, 1960.]

JOHN KUPER, *Appellant,* v. FRANK STOJACK *et al.,*
*Respondents.*[1]

*Leslie N. Jochimsen,* for appellant.

*Leo Teats* and *Ralph Teats,* for respondents Braman *et al.*

FOSTER, J.—Respondents' demurrer to appellant's complaint was sustained, and this is an appeal from a judgment dismissing the plaintiff's complaint for a declaratory judgment respecting his right to redeem real property from the sale on special execution in a mortgage foreclosure.

In *Braman v. Kuper,* 51 Wn. (2d) 676, 321 P. (2d) 275, the judgment confirming the execution sale in this controversy was affirmed. The complaint alleged that the remittitur in that cause was filed in the superior court Friday, May 16, 1958. On Monday, May 19, 1958, the sheriff delivered his deed to the respondent. On April 21, 1959, the appellant gave the sheriff notice of his intention to redeem, and, on May 5, 1959, tendered by check the full amount of the judgment plus all taxes, interest, costs and attorney's fees. This was refused by the sheriff. Within a few days thereafter, appellant filed a complaint seeking a judicial declaration that, under such circumstances, he had a right to redeem.

The complaint alleged the notice to redeem and its re-

[1] Reported in 358 P. (2d) 132.

jection were all within one year after the filing of the remittitur in the superior court. This was more than one year after the execution sale and its confirmation.

The appellant's argument is that the statute of limitations was suspended by the appeal to this court from the order confirming the sale. The matter is governed by RCW 6.24.140, which is as follows:

"The judgment debtor or his successor in interest, or any redemptioner, may redeem the property at any time within one year after the sale, on paying the amount of the bid, with interest thereon at the rate of eight percent per annum to the time of redemption, together with the amount of any assessment or taxes which the purchaser or his successor in interest may have paid thereon after purchase, and like interest on such amount; and if the purchaser be also a creditor having a lien, by judgment, decree or mortgage, prior to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien with interest."

Respondents, on the other hand, contend that the right is purely statutory and cannot be enlarged. In the manner in which the case stood at the time of the argument upon the respondents' demurrer to the appellant's complaint for a declaratory judgment, September 14, 1959, the action of the trial court was correct. The controlling rule of law was announced in *Burwell & Morford v. Seattle Plumbing Supply Co.*, 14 Wn. (2d) 537, 128 P. (2d) 859:

"The right to redeem property sold under execution is not an equitable right created or regulated by principles of equity. It is a creature of statute and depends entirely upon the provisions of the statute creating the right. *Hays v. Merchants' Nat. Bank,* 14 Wash. 192, 44 Pac. 137; *Geddis v. Packwood,* 30 Wash. 270, 70 Pac. 481; *Schmidt v. Worley,* 134 Wash. 582, 236 Pac. 111; *Hervey v. Krost,* 116 Ind. 268, 19 N. E. 125."

Affirmed.

Hill, Finley, Rosellini, and Hunter, JJ., concur.