354

· [No. 37819.   Department One.   May 27, 1965.]

BERKHEIMERS, INC., *Respondent*, v. DON SPRINKLE *et al.,*
*Appellants.**

*Dimmick, Sampson & Savage*, by *Theodore E. Sampson*, for appellants.

*Benson & Atwell* and *Jerome R. Cronk*, for respondent.

HUNTER, J.—This appeal involves a dispute as to the rights of successive redemptioners under RCW 6.24.150.

Western Life Insurance Company held a first mortgage lien on the property of Everett G. Nelson.  Berkheimers,

*Reported in 402 P.2d 502.

Inc., the plaintiff (respondent), held a second mortgage lien upon the Nelson property. Financial Commerce, Inc., a defendant (appellant) upon this appeal, held a third mortgage lien upon the Nelson property. The three mortgagees will hereafter be referred to as Western, Berkheimers and Financial.

Western instituted an action for the foreclosure of its first mortgage, and a judgment and decree of foreclosure were entered in its favor on January 18, 1963.

On March 21, 1963, Financial, the third mortgagee, redeemed said property by paying the sum of $10,470.28 to the sheriff of King County.

On May 9, 1963, plaintiff, Berkheimers, the second mortgagee, served upon the then sheriff of King County, Don Sprinkle, written notice of intention to redeem the property on May 17, 1963, and furnished the sheriff with a certificate of the record of its mortgage. On May 17, 1963, the plaintiff proffered to the sheriff of King County, $10,603.38, being the amount paid by defendant, Financial, on its redemption on March 21, 1963, plus accumulated interest of 8 per cent per annum. The sheriff, on instruction from the defendant, Financial, refused this proffer and demanded the additional amount of $4,042.14, which constituted the amount due on the third mortgage lien of Financial plus interest and costs. Plaintiff paid this additional amount under protest and thereafter brought this action against defendants, seeking recovery of the $4,042.14, together with interest thereon, and its costs.

Sheriff Sprinkle thereafter died, and the executrix of his estate was substituted as party defendant. Sheriff Sprinkle's successor in office, Jack D. Porter, also was joined as defendant. At the conclusion of the trial to the court without a jury, the court entered a joint-and-several judgment against all defendants in favor of the plaintiff for the full amount prayed for. The defendants appeal.

The plaintiff has waived judgment against one of the defendants, the succeeding King County Sheriff, Jack D.

Porter, and the judgment should, therefore, be reversed as to him.

The defendants contend that the rights of Berkheimers, as a successive redemptioner, are determined solely by RCW 6.24.150, and that under that statute, a successive redemptioner is required to pay the mortgage lien of a prior redemptioner, regardless of whether the prior redemptioner's lien has priority.

■ We disagree. RCW 6.24.150, insofar as is relevant here, provides that a successive redemptioner pay the amount of any mortgage liens held by the "last redemptioner prior to his own." In effect, it says that the successive redemptioner (Berkheimers) must pay the amount of the mortgage lien of the prior redemptioner (Financial), only if the prior redemptioner's mortgage is senior to that of the successive redemptioner. Here, the mortgage of the prior redemptioner (Financial), was junior to that of the successive redemptioner (Berkheimers), and Berkheimers was, therefore, not required to pay such lien.

The defendants contend that the defendant, Financial, in protecting its lien by redeeming within the time allowed, will have lost its lien rights if Berkheimers is permitted to redeem without proffering the amount of Financial's mortgage lien; that this result would defeat the purpose of the redemption statutes. RCW ch. 6.24. Defendants advance two arguments in support of this contention.

■ First, defendants contend that Financial cannot again redeem after plaintiff redeems, since RCW 6.24.150 makes no provision for a redemptioner to redeem after having once exercised that right. This contention is without merit. There is no prohibition in the statute against successive redemptions by a redemptioner, as long as a redemptioner qualifies as such. Upon the redemption of the property by the plaintiff, the second mortgagee, the defendant, Financial, still in possession of its third mortgage, retained its status as a redemptioner, and, accordingly, its right to redeem.

Second, defendants contend that Financial lost its right to again redeem by reason of merger of the fee with its mortgage lien at the time of its redemption. This contention, likewise, is without merit. Financial acquired no fee to the property at the time of its redemption.

The trial court correctly granted judgment against defendant, Financial.

The defendants finally contend that the trial court erred in entering judgment against the estate of the deceased sheriff, Don Sprinkle, for the reason that no duty of the sheriff was violated. We disagree. It was the sheriff's duty, under RCW 6.24.180, to allow redemption upon payment of the "sum required." The sheriff had no authority to require the payment of the amount of the lien and interest of Financial in the amount of $4,042.14 in order for the plaintiff to redeem. The trial court, therefore, properly entered judgment against the estate.

The judgment against Financial and the executrix of the estate of Don Sprinkle is affirmed. Judgment against Jack D. Porter, successor of the deceased sheriff, is reversed.

ROSELLINI, C. J., HILL and OTT, JJ., and BARNETT, J. Pro Tem., concur.