[No. 38306.    Department Two.    November 3, 1966.]

RAY GRAVES, *Respondent,* v. PAUL R. ELLIOTT, *Appellant.**

*William L. Williams,* for appellant.

*Haugland & Sherrow* and *Dale E. Sherrow,* for respondent.

WEAVER, J.—This is an appeal from an order directing the sheriff to execute and deliver to J. Carroll Shoe a sheriff's deed to certain real property purchased by Mr. Shoe at a sheriff's sale.

The controversy arises from the following undisputed facts:

September 18, 1962, Ray Graves obtained a *default* money judgment against defendant, Paul R. Elliott, a merchant

*Reported in 419 P.2d 1008.

seaman who was outside the state of Washington. To satisfy the judgment certain of defendant's real property was sold on September 6, 1963 at a sheriff's sale. On the same day, the sheriff issued a Certificate of Purchase to Mr. Shoe. October 1, 1963, the superior court entered an order confirming the sale. RCW 6.24.100.

November 13, 1961, Mr. Elliott (defendant) gave William L. Williams, a lawyer, a mortgage on the property involved. Thus, Williams' recorded mortgage was *prior* in time to the default judgment through which Mr. Shoe claimed by reason of his purchase at the sheriff's sale. The validity of the mortgage is not at issue in the instant case.

September 6, 1963—the day of the sheriff's sale—is the crucial date for

> [T]he judgment debtor or his successor in interest, or *any redemptioner*, may redeem the property at any time *within one year* after the sale  . . . . RCW 6.24.140. (Italics ours.)

September 6, 1964, was a Sunday. The next day was Labor Day, a legal holiday. Hence, the right to redeem expired on Tuesday, September 8, 1964.

September 4, 1964, attorney Williams, the holder of the mortgage *prior* in time to the judgment under which the property was sold, made demand upon the sheriff of King County as follows:

> The undersigned is the owner and holder of a mortgage upon the above described property bearing date November 13, 1961, recorded November 22, 1961, in Volume 4338 of Mortgages on page 667, Auditor's file No. 5356414, records of King County, Washington. *As such owner and holder, I am entitled to and desire to redeem the property from the above described sale.*
>
> Demand is herewith made for a written and verified statement of the rents and profits received and expenses paid and incurred since the date of sale of the above described property.
>
> This will notify you that upon receipt of the exact amount required by you for redemption, or within five days from the date of receipt of the verified statement demanded above, *the undersigned will redeem* the above described property from the sale. (Italics ours.)

September 8, 1964, Benn Agor, a Seattle lawyer, went to the King County sheriff's office and deposited a certified check bearing the notation "Redemption in King Co. Graves v. Elliott 579698 Per Wm. L. Williams."

He was given a receipt which stated:

Received from Benn Agor for Wm. L. Williams for Redemption on Cause # 57968 [sic] Dollars, Superior Ct. King Co. $1779.76.

It appears from an uncontested affidavit in the record that Mr. Agor stated to the sheriff's office: "Bill Williams said to get this money over here *for him*." (Italics ours.)

On the same day—September 8, 1964—Mr. Shoe (respondent), the purchaser of the property at sheriff's sale, was served with a copy of Mr. Williams' September 4 notice of his intent to redeem and demand for a statement of accounts.

September 11, 1964, Mr. Shoe served on the King County sheriff a verified statement (1) that he had paid $144.34 taxes on the property involved and had received no rents or profits from the property; and (2) answered Mr. Williams' purported notice of intention to redeem and made a demand for a sheriff's deed. These documents were served on Mr. Williams on September 14, 1964. The sheriff refused to issue a deed to either Mr. Shoe or Mr. Williams without a judicial determination of their respective rights.

Accordingly, on October 13, 1964, Mr. Shoe requested and the superior court granted an order returnable October 20, 1964 directing the sheriff and Mr. Williams to show cause why the court should not issue an order directing the sheriff to forthwith deliver a sheriff's deed to Mr. Shoe.

October 20, 1964, attorney Williams filed a motion to allow correction of his notice of September 4 to the sheriff (quoted *supra*)

to incorporate in said demand the *information* that the said William L. Williams was *also* acting as the agent of his client, Paul R. Elliott, owner of the property involved in this litigation. (Italics ours.)

The matter was presented to the court on October 20, 1964, taken under advisement, and both parties invited to

submit additional memorandums on or before October 23. The memorandum filed by Mr. Williams closes with the following request:

> Accordingly, the Sheriff of King County, Washington, should be directed to issue a Certificate of Redemption *in favor of William L. Williams,* attorney for the defendant, who should hold such title under such conditions as the Court might direct. (Italics ours.)

The show cause proceeding was strictly a contest between Mr. Williams and Mr. Shoe, each demanding that the sheriff vest title in him. No testimony was taken; there is no statement of facts before this court. The matter having been submitted by counsel for Mr. Shoe and by Mr. Williams upon the record, the trial court found:

> That the application of William L. Williams for redemption was made as holder of a mortgage on the subject property which mortgage was prior in time to the judgment lien under which the property was sold at the Sheriff's sale and under the law he was not qualified to redeem and that it is now too late for the said William L. Williams to retroactively amend his previously attempted redemption to change his capacity to that of the judgment debtor . . . .

The court accordingly issued an order directing issuance of a sheriff's deed to Mr. Shoe.

Neither the sheriff nor Mr. Williams appealed. Elliott, the judgment debtor, is the nominal appellant.

Appellant Elliott makes two assignments of error: (1) that "the trial court erred in assuming jurisdiction of the cause, insofar as it affected the respondent," Mr. Shoe; and (2) that "the trial court erred in finding that defendant's attorney sought redemption for himself personally."

As we understand it, the contention is made that Mr. Shoe, not being a party to the original action, had no standing to obtain a show cause order directed to Mr. Williams and the sheriff of King County.

There are several answers to this contention.

■ First, RCW 6.24.170 provides:

When a sheriff shall wrongfully refuse to allow any person to redeem, his right to redeem shall not be prejudiced

thereby, and the sheriff may be required, *by order of the court*, to allow such redemption. (Italics ours.)

We believe that when the purchaser at a sheriff's sale contests the right of a purported redemptioner the statute is sufficiently broad to authorize the procedure followed in the instant case in which the sheriff refused to issue a deed until after judicial determination.

Second, the contention that Mr. Shoe had no standing to obtain a show cause order is raised for the first time by this assignment of error. An objection that there is a defect of parties cannot be made for the first time on appeal. *State Bank of Wilbur v. Wilbur Mission Church,* 44 Wn.2d 80, 265 P.2d 821 (1954); *In re Ivers' Estate,* 4 Wn.2d 477, 104 P.2d 467 (1940). Counsel cannot remain silent as to claimed error during trial and later urge objections for the first time on appeal. *Seattle v. Harclaon,* 56 Wn.2d 596, 354 P.2d 928 (1960), and authorities cited.

Appellant's first assignment of error is not well-taken.

Appellant's second assignment of error is directed to the trial court's "finding that defendant's attorney sought redemption for himself personally."

In nowise is this finding controverted by the record. Mr. Williams' notice of September 4, 1964 (quoted *supra*) identifies him as the holder of a mortgage *prior* in time to the judgment and sale under which Mr. Shoe claimed and states that he, as mortgagee, personally sought to redeem. The circumstances of the proffered tender of money (which did not include taxes paid) to the sheriff indicate that redemption was sought by Mr. Williams personally. At no time, either before or after the hearing on the order to show cause was the contention made that the sheriff's deed should issue to appellant. In fact, not until the final sentence of appellant's appellate brief (written by Mr. Williams) was such a contention advanced.

This court has, on many occasions, recognized that maintenance of stability of land titles, either by rule of decision or by statute, is highly desirable.

Redemption from execution sale is governed by statute.

In *Kuper v. Stojack*, 57 Wn.2d 482, 358 P.2d 132 (1960), the court quoted with approval from *Burwell & Morford v. Seattle Plumbing Supply Co.*, 14 Wn.2d 537, 128 P.2d 859 (1942), as follows:

> The right to redeem property sold under execution is not an equitable right created or regulated by principles of equity. It is a creature of statute and depends entirely upon the provisions of the statute creating the right. *Hays v. Merchants' Nat. Bank*, 14 Wash. 192, 44 Pac. 137; *Geddis v. Packwood*, 30 Wash. 270, 70 Pac. 481; *Schmidt v. Worley*, 134 Wash. 582, 236 Pac. 111; *Hervey v. Krost*, 116 Ind. 268, 19 N.E. 125.

Redemption must be made within the statutory time by one entitled to redeem. RCW 6.24.130 provides, *inter alia*, that a redemptioner may be

> [a] creditor having a . . . mortgage, on any portion of the property . . . sold, *subsequent in time* to that on which the property was sold. (Italics ours.)

Clearly Mr. Williams does not meet the statutory definition of a redemptioner; hence, he could not legally seek an accounting under RCW 6.24.190 since the statute allows an accounting to be demanded only by " . . . such redemptioner or other person entitled to redeem."

As the trial court said after the hearing on the order to show cause, " . . . it is now too late for the said William L. Williams to retroactively amend his previously attempted redemption to change his capacity to that of the judgment debtor."

The statutory time period for redemption passed without an attempted redemption by one qualified to redeem. The judgment must be affirmed.

It is so ordered.

ROSELLINI, C. J., FINLEY and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.