[No. 19063-0-II.   Division Two.   December 30, 1996.]

JACK M. MILLAY, *Appellant*, v. ELENA K. CAM, ET AL.,
*Respondents*.

*R. Bruce Dusterhoff, James D. Case,* and *Case & Duster-hoff,* for appellant.

*Bradley W. Andersen, Prosecuting Attorney for Skama-nia County;* and *Joseph L. Udall,* for respondents.

BRIDGEWATER, J. — In this case, which concerns serial redemptions of real property, we are asked to decide whether a prospective redemptioner's declaratory action

to dispute the "sum required" to redeem under RCW 6.23.080 is equal to tendering payment or tolls the statutory redemption period. We hold that, because the statute requires payment within a specified period, filing a declaratory action neither tolls the running of the period of redemption nor acts as payment. We affirm.

This lawsuit involves property known as Biba Hot Springs Resort, Inc. Biba defaulted on its loans, mortgagees foreclosed on the property, and a sheriff's sale was held. Thereafter, the interest-holders began the process of redeeming the property under the redemption statutes, RCW 6.23.

This appeal concerns the last of several redemptions between interest-holders Jack M. Millay and Elena Cam. Millay redeemed the property from Cam, Cam redeemed it from Millay by paying $267,853.08 to the sheriff, and the sheriff gave her a Certificate of Redemption. Just eight days before the 60-day redemption period closed,[1] Millay again attempted to redeem from Cam. He filed his intent to redeem with the sheriff and requested that Cam provide him with a payoff statement including those amounts mentioned in RCW 6.23.040. Those amounts consist of the sum paid on the last previous redemption, the amount of assessments, liens and mortgages paid since that redemption, and interest.

Two days before the end of the 60-day redemption period, Cam's attorney notified Millay directly about other liens that Millay would have to pay, liens that raised the "sum required" to $509,817.92. Millay expected that the "sum required" would be the price Cam last paid to redeem from him, or $267,853.08, plus eight percent interest.

Millay suspected that the liens to which Cam referred were invalid. With only one day to submit the "sum

---

[1]RCW 6.23.040 provides the following: "(1) . . . The property may be again, and as often as a redemptioner is so disposed, redeemed from any previous redemptioner within sixty days after the last redemption[.]"

required" to redeem, Millay was in a quandary. He was unwilling to pay the sum presented by Cam, yet wanted to redeem the property before the deadline. He thought that if he paid a lesser amount the sheriff would either reject his offer or bring a declaratory judgment action to determine the proper sum. He did not want Cam to hold his money without interest while the suit was pending and did not place money in escrow with the superior court because he believed that it would cause administrative problems with the court.

On the last day to redeem, Millay decided not to pay any amount. Instead, he filed a declaratory judgment action to determine the correct "sum required." He argued that his court action tolled the redemption statute or at least substituted for payment so as to preserve his right to redeem. Millay never asserted that he was prejudiced by Cam's failure to file a formal notice of the liens as required by RCW 6.23.050.[2] He asserted only that her statement did not comply with RCW 6.23 in general because it did not verify the lien amounts that she demanded.

The trial court concluded the following in favor of Cam: that RCW 6.23 does not require Cam to produce an accounting of the "sum required" to redeem; that a declaratory judgment action was not the functional and legal equivalent of redemption; that Millay, by failing to tender funds before the expiration of the 60-day redemption period as required in RCW 6.23.040(1), failed to redeem the property from Cam; and that Cam's sheriff's deed should remain in full force and effect.

## I

Millay contends that his declaratory judgment action effectively tolled the statutory redemption period and acted

---

[2]RCW 6.23.050 provides that the person from whom the redemptioner seeks to redeem, and who has acquired liens on the property, paid taxes or assessments, must file a statement for recording before the property has been redeemed from her. If she does not comply, the property may be redeemed without the redemptioners having to pay any of the taxes, assessments or liens.

in place of tender because neither RCW 6.23.040 nor 6.23.080 requires tender when the "sum required" is in dispute.

"The right to redeem property sold under execution is a creature of statute and depends on the provisions of the statute creating the right."[3] The interpretation of a statute is a question of law that we review de novo.[4] Our primary objective in interpreting a statute is to ascertain and give effect to the Legislature's intent as manifested by the statute's express language.[5] "Where the language of a statute is plain, unambiguous, and certain, there is no room for judicial construction because the meaning will be discovered from the wording of the statute itself."[6]

Although the statute does not expressly use the term "tender," a careful examination of the statute reveals that tendering payment is necessary to effect redemption. The statute expressly states that redemption occurs when the redemptioner makes a timely payment:

> (1) . . . The property may be again, and as often as a redemptioner is so disposed, redeemed from any previous redemptioner *within sixty days* after the last redemption[.]
>
> . . . .
>
> (3) A redemptioner may *redeem* under this section *by paying the sum* paid on the last previous redemption with interest at the rate of eight percent per annum, and the amount of any assessments or taxes which the last previous redemptioner paid on the property after redeeming, with like interest, and the amount of any liens by judgment, decree, deed of trust, or mortgage . . . held by the last redemptioner, prior to his own, with interest.

---

[3]*GESA Fed. Credit Union v. Mutual Life Ins. Co.*, 105 Wn.2d 248, 252, 713 P.2d 728 (1986) (citing *Graves v. Elliott*, 69 Wn.2d 652, 419 P.2d 1008 (1966); *Kuper v. Stojack*, 57 Wn.2d 482, 358 P.2d 132 (1960)).

[4]*Palmer v. Department. of Revenue*, 82 Wn. App. 367, 372, 917 P.2d 1120 (1996) (citing *Shum v. Department of Labor & Indus.*, 63 Wn. App. 405, 407, 819 P.2d 399 (1991) (further citation omitted).

[5]*Palmer*, 82 Wn. App. at 372.

[6]*GESA*, 105 Wn.2d at 252.

RCW 6.23.040 (emphasis added).

The sum referred to in the latter section is referred to in RCW 6.23.080 as the "sum required." This statute makes clear that redemption is effected by paying the sum required:

> (1) The person seeking to redeem shall give the sheriff at least five days' written notice of intention to apply to the sheriff for that purpose . . . . At the time specified in such notice, *the person seeking to redeem may do so by paying to the sheriff the sum required.*

RCW 6.23.080 (emphasis added).

In these sections, the Legislature has dictated that the moment of redemption is payment. It has not established a procedure for resolving disputes about the "sum required" as it has with regard to disputes about rents and profits in RCW 6.23.090(2).[7] This omission indicates that the Legislature did not intend to provide any prere-demption procedure for disputing the "sum required."[8] And, even with regard to rents and profits, the Legislature

---

[7]RCW 6.23.090(2) provides:

"If a redemptioner or other person entitled to redeem, before the expiration of the time allowed for such redemption, files with the sheriff a demand in writing for a written and verified statement of the amounts of rents and profits thus received and expenses paid and incurred, the period for redemption is extended five days after such a sworn statement is given by the person receiving such rents and profits, or by his or her agent, to the person making the demand, or to the sheriff . . . . If such person shall . . . fail or refuse to give such statement, the redemptioner . . . who made the demand may bring an action within sixty days after making such demand, but not later, in any court of competent juris-diction, to compel an accounting and disclosure . . . and until fifteen days from and after the final determination of such action *the right of redemption is extended* to such redemptioner . . . who made the demand. If a sworn statement is given . . . and the redemptioner . . . desires to *contest the correctness* of the statement, he or she *must first redeem* in accordance with such sworn state-ment, and if he or she desires to bring an action for an accounting thereafter he or she may do so within thirty days after such redemption, but not later." (Emphasis added.)

[8]"It is elementary that when the Legislature uses certain language in one instance, and different language in another, there is a difference in legislative intent." *State v. E.J.H.*, 65 Wn. App. 771, 775, 830 P.2d 375 (1992) (citing *United Parcel Serv., Inc. v. Department of Revenue*, 102 Wn.2d 355, 362, 687 P.2d 186 (1984)).

requires the redemptioner to tender payment before bringing an action for an accounting.

Similarly, Millay had to tender payment before seeking verification of the "sum required." Millay knew that if he tendered an insufficient amount, the sheriff would tender the funds into court and seek declaratory direction. And RCW 6.23.060 clearly states that the sheriff had no discretion to refuse Millay a deed if Millay had tendered payment.[9] Thus, Millay knew that postredemption relief was available. Rather than avail himself of this postredemption opportunity to present his arguments, however, Millay tendered no funds whatsoever, and thereby forfeited his right to redeem.

Millay relies upon *GESA Fed. Credit Union v. Mutual Life Ins. Co.*[10] to argue that a declaratory action that is filed within the redemption period in RCW 6.23.040 substantially complies with the tender requirement. The court in *GESA* held that actual notice substantially complied with the procedural requirement of written notice in RCW 6.23.150.[11] It reasoned that "[w]here a party, in exercising its redemption right, commits a technical but harmless procedural error, a forfeiture requirement is not only unjust, but inconsistent with the very purpose of the statute."[12] In support of its liberal construction of the statute, that court explained that some provisions of the redemption statute confer substantive statutory rights that should be strictly construed, and that others establish procedural rights that should be construed liberally to achieve the statute's remedial purpose. That purpose is

---

[9]RCW 6.23.060 states that "the last redemptioner is entitled to receive a sheriff's deed as provided in RCW 6.21.120."

[10]*GESA*, 105 Wn.2d at 252.

[11]*GESA*, 105 Wn.2d at 256.

[12]*GESA*, 105 Wn.2d at 256 (citing *Matcha v. Wachs,* 132 Ariz. 378, 381, 646 P.2d 263 (1982)).

" 'to help creditors recover their just demands, nothing more.' "[13]

■ *GESA* therefore directs courts to apply the equitable rule of substantial compliance when the statute that is violated is remedial and procedural, and when deviation from the statute is minor. Cases that applied strict construction indiscriminately to all provisions were therefore overruled to the extent they were not in harmony with *GESA*'s liberal construction. One such case that is also dispositive here is *Kuper v. Stojack*, 57 Wn.2d 482, 358 P.2d 132 (1960),[14] in which the court held that the filing of an appeal does not change the period of redemption.

Following *GESA*'s mandate to apply substantial compliance when appropriate, we reach the same holding as did the court in *Kuper*. The issue is whether .040 confers a substantive statutory right or whether Millay's deviation from the tender requirement is procedural and minor so as to allow us to apply the rule of substantial compliance.[15] The court in *GESA* did not address the tender requirement under .040 and .080 because that redemptioner, unlike Millay, sought reimbursement of money that he had *already tendered* in time to preserve his right to redeem.

■■ Substantial compliance does not apply to the tender requirement in .040 because that provision is not remedial; it is the means by which the statutory redemption right is activated or forfeited. Even if .040 were procedural and remedial, however, Millay's failure to tender any amount whatsoever was not minor because it deviated from the statute beyond the bounds of substantial compli-

---

[13]*GESA*, 105 Wn.2d at 255 (quoting *Osborn Hardware Co. v. Colorado Corp.*, 32 Colo. App. 254, 258, 510 P.2d 461 (1973)).

[14]*GESA*, 105 Wn.2d at 254.

[15]*See Fidelity Mut. Sav. Bank v. Mark*, 112 Wn.2d 47, 54-55, 767 P.2d 1382 (1989) (Because statute at issue, RCW 6.23.010, is not remedial, but creates a substantive right, court distinguished *GESA* and strictly construed statute.).

ance.[16] Millay made no attempt to comply, much less substantially comply with .040 and .080, other than to file a declaratory action on the last day of redemption. There is no primary authority or statutory exception that allows a declaratory action to substitute for tender. Millay's decision to file suit and avoid payment was not a "technical but harmless procedural error," as in *GESA*;[17] it was the failure to exercise the substantive right to redeem.

Because Millay forfeited his right to redeem, no justiciable controversy existed between the parties under the Uniform Declaratory Judgments Act, RCW 7.24.020.[18] Consequently, we decline to address Millay's argument regarding the proper amount of the "sum required" as it is not squarely before us.

## II

Millay argues that Cam's inflated figures prevented him from paying because he had no way to calculate the "sum required" and because the statute does not place the burden of calculating the sum upon him, the redemptioner.

We agree with the authors in Washington Practice that "the statute is not a model of clarity."[19] We disagree, however, that Millay had no way to calculate the "sum required." RCW 6.23.040 instructs a prospective redemptioner to tender payment of the former redemption amount plus eight percent interest. Millay was aware of

---

[16]To determine whether a redemptioner substantially complied, we "consider 'the nature and extent of the deviation from the statutory plan,' the degree to which the statutory purpose has been fulfilled, and the amount of prejudice the junior creditor has suffered." *GESA,* 105 Wn.2d at 254 (quoting *Matcha,* 132 Ariz. at 381).

[17]*GESA,* 105 Wn.2d at 256.

[18]*DiNino v. State ex rel. Gorton,* 102 Wn.2d 327, 330-31, 684 P.2d 1297 (1984) (citing *Clallam County Deputy Sheriff's Guild v. Board of Clallam County Comm'rs,* 92 Wn.2d 844, 848, 601 P.2d 943 (1979)) (Justiciable controversy is an actual, present, and existing dispute that is not moot and involves interests that are not abstract or academic.).

[19]15 Lewis H. Orland & Karl B. Tegland, Washington Practice, *Trial Practice Civil* § 497 (1996).

this section because he used it to argue that the correct "sum required" was $267,853.08. Though he knew that he was required to pay at least that amount, he failed to tender any funds whatsoever. To preserve his redemption rights, Millay should have tendered what he thought was the proper "sum required," even though it was less than the amount demanded by Cam. No matter what amount is paid, the statute clearly provides post-redemption relief.[20] Thus, even if the amount demanded by Cam was overinflated with an intent to frustrate redemption, the appropriate means of challenging the "sum required" was to pay, either to Cam or to the court, the amount specified in RCW 6.23.040.[21]

Nonetheless, Millay contends that if he tendered too little, the sheriff would have rejected his offer. But Millay admits that the sheriff told him that if he tendered an insufficient amount, the sheriff would tender the funds into court to seek declaratory direction. Once payment is given, the sheriff has no discretion to decide to whom he will give a sheriff's deed.[22] Thus, had Millay tendered payment of some amount, his offer would not have been denied.

In summary, RCW 6.23.040 and .080 do not in themselves allow a prospective redemptioner's law suit regarding the "sum required" to substitute for a timely tender of funds or toll the redemption deadline. And the trial court correctly concluded that a declaratory action was not the functional equivalent of redemption, that Millay failed to

---

[20]See GESA, 105 Wn.2d 248 and State ex rel. Bryant v. Starwich, 131 Wash. 101, 229 P. 12 (1924).

[21]See Starwich, 131 Wash. at 106-07.

[22]Berkheimers, Inc. v. Sprinkle, 66 Wn.2d 354, 357, 402 P.2d 502 (1965) (sheriff has a duty to allow redemption upon payment of the "sum required" and has no authority to require payment of additional amounts owing); RCW 6.23.060; RCW 6.23.080(1) (Once a person redeems by paying to the sheriff the sum required, the sheriff "shall give the person redeeming a certificate stating the sum paid on redemption[.]"); RCW 6.23.070 ("When a sheriff wrongfully refuses to allow any person to redeem, the right to redeem shall not be prejudiced by such refusal, and the sheriff may be required, by order of the court, to allow such redemption[.]").

comply with the redemption statute by not tendering a "sum required," and that Cam's sheriff's deed should remain in full force and effect. Cam's request for attorney's fees pursuant to RAP 18.9 and CR 11 is denied.

We affirm.

SEINFELD, C.J., and ARMSTRONG, J., concur.

Reconsideration denied February 5, 1997.

Review granted at 132 Wn.2d 1001 (1997).