955 P.2d 791 (1998)
135 Wash.2d 193
Jack M. MILLAY, Petitioner,
v.
Elena K. CAM and Raymond Blaisdell, Respondents.
No. 65177-9.
Supreme Court of Washington, En Banc.
Argued January 27, 1998.
Decided May 21, 1998.
*792 Case & Dusterhoff, James D. Case, R. Bruce Dusterhoff, Portland, for Petitioner.
Joseph Udall, Bradley Andersen, Skamania County Prosecutor, Stevenson, for Respondents.
SANDERS, Justice.
We are asked to clarify the procedures for statutory redemption of real property. Three issues are presented: (1) may a prospective redemptioner toll the statutory redemption period by filing a declaratory judgment action without paying the amount required to redeem, (2) does the filing of a declaratory judgment action substantially comply with the payment requirement in RCW 6.23.040(3) and 6.23.080(1), and (3) if a declaratory action will not substitute for payment, should we grant equitable relief when the redemptioner in possession submits a grossly exaggerated statement of the sum required to the prospective redemptioner.
The trial court found in favor of Elena Cam, the redemptioner in possession. The Court of Appeals affirmed. Millay v. Cam, 84 Wash.App. 369, 928 P.2d 463 (1996). We reverse and remand. A declaratory judgment action will not suffice for payment of the sum required, but equitable tolling may apply when the redemptioner in possession submits a grossly exaggerated statement of the sum required to redeem.

I. Facts
This case involves redemption rights to the "Biba Hot Springs," property in the City of North Bonneville. The property was purchased by Vadim Krijanovsky through his company, Bonneville Hot Springs Resort, Inc., in 1981. Krijanovsky attempted to develop the property as a hot springs resort and employed the services of John Graham and Company as architects and the law firm of Le Chevallier & Englund, P.C., to do legal work.
In 1989 Krijanovsky and various entities defaulted on the mortgage. John and Nita Sullivan and Hazel V. Stutsman purchased the property at the sheriff's sale in 1990. On March 29, 1991, Sandra Smith, one of Krijanovsky's limited partners, redeemed the property from Sullivan and Stutsman. On April 10, 1991, Elena Cam asserted an interest senior to Smith and subsequently redeemed the property from her. On June 8, *793 Jack Millay redeemed from Cam with a senior lien interest. Cam then redeemed from Millay, paying off his senior lien on June 17, 1991. On at least two of these redemptions, statements were provided to the prospective redemptioners regarding the sum required to redeem.
On August 9, 1991, eight days prior to the end of the 60-day redemption period, Millay gave notice to the sheriff of his intent to redeem from Cam a second time and requested a payoff statement and accounting. Smith also filed a notice of intent to redeem. The sheriff indicated he would interplead the funds and ask for declaratory action if a dispute resulted over the sum required to redeem.
On August 15, 1991, one day prior to the end of the 60-day period, Cam provided the sheriff a statement of the sum required to redeem from Cam and a document which purportedly assigned Le Chavallier's lien to Cam. The sheriff faxed the statement to Millay. In her statement Cam claimed she was owed $509,817.92, nearly twice what had been due two months earlier. Three of the liens were assigned to Cam from Laura Evans, Krijanovsky's live-in companion, and the fourth was a lien from Le Chevallier. Along with the statement of the sum required, Cam submitted questionable documentation on two of the interests, declined to submit any evidence of one assignment, and asserted an interest junior to Millay's interest.
Millay, sure the amount was grossly exaggerated but uncertain as to the precise sum required, filed a declaratory judgment action rather than paying the requested redemption price on the last day of the redemption period. Smith also filed a declaratory judgment action and the cases were consolidated. Smith's claim was dismissed for failure to appear and is not at issue here.
The trial court found in favor of Millay initially. The court determined Cam was required to submit verifying documentation on the liens asserted particularly because there was a "strong aura of fraudulent manipulation" of the asserted interests. Clerk's Papers at 85. It concluded a declaratory judgment action was the equivalent of paying the sum required to redeem property. On reconsideration, however, the trial court reversed itself, holding redemption requires payment and Millay bore the burden of determining the sum required to redeem, and actually paying it. The Court of Appeals affirmed. Millay, 84 Wash.App. 369, 928 P.2d 463. We granted review. Millay v. Cam, 132 Wash.2d 1001, 939 P.2d 216 (1997).

II. Standard of Review
Interpretation of a statute is a question of law requiring de novo review. Medcalf v. Department of Licensing, 133 Wash.2d 290, 297, 944 P.2d 1014 (1997).

III. Analysis
When a mortgage is foreclosed and the property sold under execution, junior lien creditors whose liens have been extinguished by the sale have the statutory right to redeem the property from the purchaser. If the lien creditor redeems the property, another redemptioner has 60 days after the previous redemption to redeem from the redemptioner in possession of the property. RCW 6.23.040(1). The property may be redeemed as often as a redemptioner is so disposed. RCW 6.23.040(1).
A person seeking to redeem "may do so by paying to the sheriff the sum required" within 60 days after the previous redemption. RCW 6.23.080(1), 6.23.040(3). Once payment is made to the sheriff, the sheriff must give a certificate to the person redeeming, which states the sum paid, from whom redeemed, the date thereof, and a description of the property redeemed. RCW 6.23.080(1). The certificate must be recorded and the recording officer must note the redemption in the margin of the record of the certificate of sale. RCW 6.23.080(1).

A. Compliance with Statutory Requirements
The first issue is whether a prospective redemptioner may toll the statutory redemption period by filing a declaratory judgment action without paying the sum required to redeem the property. Chapter 6.23 does not allow a declaratory judgment action to substitute for actual payment of the redemption *794 price for three reasons: first, chapter 6.23 requires payment of the sum required to effectuate redemption; second, the statutory scheme indicates the Legislature intentionally omitted a preredemption procedure for determining the sum required; and, third, to allow a prospective redemptioner to file a declaratory action in lieu of paying any money to redeem encourages unqualified applicants to file suit to toll the redemption period to gain financing and undermines the well-settled preference for finality in land title.
First, chapter 6.23 expressly requires payment of the sum required for redemption. The provisions of chapter 6.23 must be viewed in relation to each other and harmonized if possible. Addleman v. Board of Prison Terms & Paroles, 107 Wash.2d 503, 509, 730 P.2d 1327 (1986) (citing Burlington N., Inc. v. Johnston, 89 Wash.2d 321, 326, 572 P.2d 1085 (1977)). The plain language of the redemption statutes requires payment in order for redemption to occur. RCW 6.23.040(3) ("A redemptioner may redeem under this section by paying...."); RCW 6.23.080(1) ("[T]he person seeking to redeem may do so by paying to the sheriff the sum required."). This interpretation accords with the general rule that "[w]here the statute provides for a tender of the redemption money to the person entitled thereto, as a general rule such a tender is a condition to the exercise of the statutory right of redemption." 59 C.J.S. Mortgages § 850(a)(2) (1949). Payment or tender thereof constitutes redemption.
Several statutory provisions aid a prospective redemptioner to determine the "sum required" for redemption. The Legislature has defined the "sum required" as: (1) the sum paid on the last previous redemption plus eight percent interest; (2) the amount of any assessments or taxes paid by the last redemptioner with like interest; and (3) the amount of any senior liens other than the judgment under which the property was sold held by the last redemptioner with interest. RCW 6.23.040(3).
RCW 6.23.080(3) and 6.23.050 further alleviate any guesswork in figuring the sum required to redeem. Both statutes serve to "`inform subsequent redemptioners of the price which they must be prepared to pay'" when redeeming property. GESA Fed. Credit Union v. Mutual Life Ins. Co., 105 Wash.2d 248, 253, 713 P.2d 728 (1986) (quoting Darryl A. Hart, Comment, The Statutory Right of Redemption in California, 52 Calif. L.Rev. 846, 851 n. 38 (1964)). See also 15 Lewis H. Orland & Karl B. Tegland, Washington Practice § 497, at 223 (5th ed.1996); Salsbery v. Ritter, 48 Cal.2d 1, 306 P.2d 897, 904 (1957). If the redemptioner in possession fails to submit to the sheriff documentary evidence of any liens which are senior to the person seeking to redeem including the amount due on the liens, such liens may be disregarded in computing the sum required.[1] RCW 6.23.080(3). The sum then becomes the last previous judgment plus interest and any recorded taxes or assessments paid by the redemptioner in possession. RCW 6.23.080(3), 6.23.040(3). Such amount is usually ascertainable because it is recorded with the county.
Likewise, RCW 6.23.050 requires the redemptioner in possession to file a statement for recording. Failure to do so excuses the *795 prospective redemptioner from including in his payment such taxes, assessments, or liens absent actual notice. The statute also provides even if a prospective redemptioner has notice, payment may be excused upon a showing of prejudice resulting from failure to file the statement. RCW 6.23.050.
RCW 6.23.070 provides post-redemption relief to the prospective redemptioner as well. The statute states: "When a sheriff wrongfully refuses to allow any person to redeem, the right to redeem shall not be prejudiced by such refusal, and the sheriff may be required, by order of the court, to allow such redemption." RCW 6.23.070. A prospective redemptioner will not be prejudiced if he submits an adequate payment, but the sheriff refuses to accept that payment. RCW 6.23.070.
In the present case, Millay asserts the statutory scheme places the burden of determining the sum required upon Cam, the redemptioner in possession. This is incorrect. Rather, the statutes provide Cam with an opportunity to be paid for liens by submitting appropriate documentary evidence with the county officer. RCW 6.23.050, 6.23.080(3), and 6.23.040(3). Millay could have disregarded the asserted interests of Cam which lacked verification and paid the last previous judgment plus eight percent interest, a figure he concedes was within his knowledge. While the statutory framework may not provide an advance judicial determination of the amount required to redeem, the Legislature clearly enacted some means to determine the sum required. Further, a refusal by the sheriff to accept less than Cam demanded would not have prejudiced Millay's right to redeem. RCW 6.23.070.
Second, even if the requirement of payment was unclear from chapter 6.23, legislative intent indicates the Legislature deemed additional procedures unnecessary for determining the sum required. Chapter 6.23 was enacted primarily in one legislative session and while legislative history is silent, the text of the statutes suggests no statement or preredemption relief was intended. RCW 6.23.040, 6.23.080, and 6.23.090. As the Court of Appeals noted, RCW 6.23.090(2) requires the redemptioner in possession to provide a verified statement of the amounts of rents and profits upon request. Millay, 84 Wash.App. at 374-75, 928 P.2d 463. If the prospective redemptioner disputes this amount, he or she must "first redeem in accordance with such sworn statement, and if he or she desires to bring an action for an accounting thereafter he or she may do so within thirty days after such redemption, but not later." RCW 6.23.090(2). In contrast, the Legislature failed to provide such a procedure for disputing the sum required to redeem nor does it require a redemptioner in possession to submit a statement of the sum required.
It is well settled that where the Legislature uses certain language in one instance but different, dissimilar language in another, a difference in legislative intent is presumed. United Parcel Serv., Inc. v. Department of Revenue, 102 Wash.2d 355, 362, 687 P.2d 186 (1984) (citing Seeber v. Public Disclosure Comm'n, 96 Wash.2d 135, 139, 634 P.2d 303 (1981)). The Legislature clearly contemplated the propriety of relief as evidenced by RCW 6.23.090(2). Had it thought such a provision necessary, it would have included it within the statute's text. Millay, 84 Wash. App. at 374, 928 P.2d 463 ("This omission indicates that the Legislature did not intend to provide any preredemption procedure for disputing the `sum required.'").
Nevertheless, Millay asks this court to adopt a procedure allowing a prospective redemptioner to obtain a judicial determination of the sum required before paying any money to redeem. This not only contravenes legislative intent, but also ignores this court's long history of restraint in compensating for legislative omissions. State v. Taylor, 97 Wash.2d 724, 728, 649 P.2d 633 (1982); Jenkins v. Bellingham Mun. Court, 95 Wash.2d 574, 579, 627 P.2d 1316 (1981). For this same reason we may not amend the statute by allowing a prospective redemptioner to toll the period by paying some, rather than all, of the amount required to redeem. Courts do not amend statutes by judicial construction, Salts v. Estes, 133 Wash.2d 160, 170, 943 P.2d 275 (1997), nor rewrite statutes "to avoid difficulties in construing and applying them." Applied *796 Indus. Materials Corp. v. Melton, 74 Wash.App. 73, 79, 872 P.2d 87 (1994) (quoting Arkansas Oak Flooring Co. v. Louisiana & Arkansas Ry. Co., 166 F.2d 98, 101 (5th Cir.1948)). See also Doerhoefer v. Farrell, 29 Or. 304, 45 P. 797, 798 (1896) (The "court can neither increase nor lessen the burden of the redemptioner."). This court refrains from adding to, or subtracting from, the language of a statute unless imperatively required to make it rational. Applied Indus. Materials Corp., 74 Wash.App. at 79, 872 P.2d 87 (citing McKay v. Department of Labor & Indus., 180 Wash. 191, 194, 39 P.2d 997, 98 A.L.R. 990 (1934)). The Legislature's omission of a preredemption procedure was likely intentional, but even if inadvertent, the statutory framework is not irrational. The redemption statutes clearly envision payment of the total "sum required" to redeem property within the 60-day redemption period.
Last, to permit a declaratory action without tendering any money to the redemptioner in possession or to the court encourages financially unqualified redemptioners to file suit simply to gain time to obtain adequate financing. Such a decision would also undermine the well-settled preference for finality and stability in land title. Graves v. Elliott, 69 Wash.2d 652, 656, 419 P.2d 1008 (1966) ("This court has, on many occasions, recognized that maintenance of stability of land titles, either by rule of decision or by statute, is highly desirable."), overruled on other grounds by GESA Fed. Credit Union, 105 Wash.2d 248, 713 P.2d 728. Here, by the mere filing of a declaratory action without placing any money in escrow, Millay has had the property tied up in litigation since 1991 with little assurance he will subsequently redeem upon specific determination of the sum required. We hold the simple maintenance of a declaratory judgment action without payment of funds to a redemptioner in possession or to the court does not comply with either RCW 6.23.040 or 6.23.080.

B. Substantial Compliance
Millay asserts that if he did not strictly comply with chapter 6.23, he has at least substantially complied with the statutory redemption requirements. However, the substantial compliance doctrine applies only to statutes remedial in nature. GESA Fed. Credit Union, 105 Wash.2d at 254, 713 P.2d 728; Fidelity Mut. Sav. Bank, 112 Wash.2d at 54, 767 P.2d 1382. The plain language of Washington's redemption statutes holds redemption occurs through the payment of the sum required to redeem. The payment requirement is not remedial precluding application of the substantial compliance doctrine.
A remedial statute relates to "`practice, procedure, or remedies and does not affect a substantive or vested right.'" GESA Fed. Credit Union, 105 Wash.2d at 255, 713 P.2d 728 (quoting Miebach v. Colasurdo, 102 Wash.2d 170, 181, 685 P.2d 1074 (1984)). Substantial compliance requires: "Where a party, in exercising its redemption right, commits a technical but harmless procedural error, a forfeiture requirement is not only unjust, but inconsistent with the very purpose of the statute." GESA Fed. Credit Union, 105 Wash.2d at 256, 713 P.2d 728. This court carefully scrutinizes the application of the substantial compliance doctrine as redemption laws are "highly complex" and "[t]he rights established by the Legislature must remain exclusive if they are to remain reliable." Fidelity Mut. Sav. Bank, 112 Wash.2d at 55, 767 P.2d 1382.
The payment requirements in RCW 6.23.040(3) and 6.23.080(1) are not remedial provisions. GESA Federal Credit Union explains a remedial provision is simply a "`procedural step necessary to enforce a claimant's right to recover.'" 105 Wash.2d at 255, 713 P.2d 728 (quoting Agency Budget Corp. v. Washington Ins. Guar. Ass'n, 93 Wash.2d 416, 422, 610 P.2d 361 (1980)). Payment of the sum required effectuates redemptionit gives rise to the substantive right of redemption. RCW 6.23.040(3), 6.23.080(1). Rather than exercise that right by tendering the sum required, Millay chose to pay nothing. The substantial compliance doctrine does not apply to payment of the sum required.

C. Equitable Relief
The final issue is whether we should equitably toll the statutory redemption period for Millay. Even though Cam was not required to submit a statement of the sum required, she submitted a statement along with verifying documents which were at best exaggerated. By doing so she created confusion *797 regarding the amount due and arguably attempted to subvert Millay's redemption rights.
Numerous courts acknowledge inherent judicial authority to toll statutory redemption periods upon a finding of fraud, oppression, or other equitable circumstances. See, e.g., Powers v. Powers, 221 Cal.App.2d 746, 34 Cal.Rptr. 835, 836 (1963) (redemption allowed after expiration of statutory period if equitable conditions exist); Buell v. White, 908 P.2d 1175, 1177-78 (Colo.Ct. App.1995) (extension of time for statutory redemption if prospective redemptioner advised payment would not be accepted); Williams v. McCallum, 128 Idaho 637, 917 P.2d 794, 795 (1996) (statutory redemption permitted by granting equitable relief); Pace v. Malonee, 79 Nev. 365, 385 P.2d 353, 354 (1963) (equitable relief permitted for statutory redemption); Dalton v. Franken Constr. Cos., 121 N.M. 539, 914 P.2d 1036, 1040 (1996) (equitable relief permitted if wrongful conduct by redemptioner in possession); Wilson v. Crimmins, 172 Or. 616, 143 P.2d 665, 668 (1943) (equitable relief allowed when prospective redemptioner advised tender will not be accepted). See 59 C.J.S. Mortgages § 850(f). The tolling rule has been applied where a redemptioner in possession submits a grossly exaggerated or fraudulent statement in accounting actions to determine the sum required to redeem or where the prospective redemptioner could not with due diligence ascertain the amount necessary to redeem. Lavretta v. L. Hammel Dry Goods Co., 243 Ala. 34, 8 So.2d 264 (1942); 59 C.J.S. Mortgages § 850(f). See also Wilson v. Crimmins, 143 P.2d at 667-68.
Likewise, this court allows equitable tolling when justice requires. Finkelstein v. Security Properties, Inc., 76 Wash. App. 733, 739-40, 888 P.2d 161 (1995) (citing Douchette v. Bethel Sch. Dist. No. 403, 117 Wash.2d 805, 812, 818 P.2d 1362 (1991)), review denied, 127 Wash.2d 1002, 898 P.2d 307 (1995). The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff. Finkelstein, 76 Wash. App. at 739-40, 888 P.2d 161. In Washington equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations. Douchette, 117 Wash.2d at 812, 818 P.2d 1362.
We hold the statutory redemption period may be equitably tolled when the redemptioner in possession submits a grossly exaggerated statement of the sum required to redeem and the prospective redemptioner cannot with due diligence ascertain the sum required to redeem within the time remaining. This rule requires more than good faith on the prospective redemptioner's part. Moreover the prospective redemptioner must file the declaratory action within the redemption period for tolling to apply.
Tolling of the redemption period for reasons of misrepresentation serves the statutes' purposes. It reserves a measure of certainty while still preventing financially unqualified parties from using a declaratory action to gain time to obtain financing. A declaratory action will not toll the period absent equitable circumstances; therefore the would-be redemptioner proceeds at his own risk. Tolling also discourages redemptioners in possession from submitting grossly exaggerated statements to undermine the statutory redemption process and promotes the purpose of redemption statutes which is to allow creditors to recover their just demands. GESA Fed. Credit Union, 105 Wash.2d at 255, 713 P.2d 728 (quoting Osborn Hardware Co. v. Colorado Corp., 32 Colo.App. 254, 510 P.2d 461, 463 (1973)).
While the trial court made no specific finding of fraud, it did note a "strong aura of fraudulent manipulation" by Cam. Clerk's Papers at 85. Millay and Cam had previously exchanged statements of the sum required in past redemptions. Cam provided the statement only one day before the redemption period expired. The statement included at least two interests likely transferred fraudulently and one interest which was never assigned.[2]
Arguably, Cam's actions caused confusion and uncertainty for Millay. On the one hand Millay did not want to pay Cam this exaggerated sum, while on the other the sheriff had implied he would either reject a lesser sum *798 or interplead the funds for declaratory action. Adding to Millay's uncertainty was RCW 6.23.050 which states Millay must pay all senior liens to which he has actual notice. If one lien, although seemingly invalid and without documentation, turned out to be validly asserted, Millay could lose the right to redeem by failing to pay. Unsure of how to proceed Millay arguably exercised diligence by filing a declaratory judgment action on the last day of the redemption period.
We reverse the Court of Appeals and remand for a factual determination of whether equitable tolling applies. If the court concludes Cam submitted a grossly exaggerated or fraudulent statement of the sum required and Millay was unable to ascertain the correct amount within the time remaining with due diligence, the court should determine the sum required to redeem and permit statutory redemption during a reinstated redemption period. Cam's request for attorney's fees pursuant to RAP 18.9 and CR 11 are denied. Petitioner shall recover his costs on appeal.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER and TALMADGE, JJ., concur.
NOTES
[1] Cam suggests documentation need not be submitted every time the property is redeemed. This contention is contrary to the plain language of the statute. RCW 6.23.080(3) states:

If the redemptioner or purchaser has a lien prior to that of the lien creditor seeking to redeem, such redemptioner or purchaser shall submit to the sheriff the same kind of evidence thereof as is required from a person seeking to redeem under subsection (2) of this section, and the amount due thereon, or the same may be disregarded.
The "redemptioner" referred to is clearly the redemptioner in possession. Throughout RCW 6.23.080, the redemptioner in possession is referred to as "the redemptioner," while the prospective redemptioner is termed "the person seeking to redeem" or "the lien creditor." See also 15 Lewis H. Orland & Karl B. Tegland, Washington Practice § 497, at 226 (5th ed.1996) ("earlier redemptioner must likewise furnish certain information to the sheriff."); 59 C.J.S. Mortgages § 849 (1949) (sum required to redeem from redemptioner does not include liens for which redemptioner in possession did not file documentation). This requirement fulfills the statutory purpose of informing prospective redemptioners of the price required to redeem as the amount may change between redemptions. GESA Fed. Credit Union v. Mutual Life Ins. Co., 105 Wash.2d 248, 253-54, 713 P.2d 728 (1986).
[2] Cam's second assignment is a right from Krijanovsky acquired by Evans. It appears to be a right from a judgment debtor that expired after a year (RCW 6.23.010, 6.23.040), and the interest was likely the result of fraud and/or never was actually assigned to Evans. The third interest is junior to Millay's, and the fourth was probably not owned by Cam. Clerk's Papers at 85; Br. of Appellant at 37.