# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TAMMY DEPRIEST,<br><br>　　　　　　　Appellant,<br><br>　　v.<br><br>STATE OF WASHINGTON DEPARTMENT<br>OF RETIREMENT SYSTEMS,<br><br>　　　　　　　Respondent. | No.  57474-8-II<br><br><br>UNPUBLISHED OPINION |

CHE, J. — In 2016, the Department of Retirement Systems (DRS) awarded Tammy DePriest, a former firefighter and member of the Law Enforcement Officers' and Fire Fighters' Plan 2 state retirement plan (LEOFF 2), permanent duty disability retirement. Four years later, her application for LEOFF 2 catastrophic duty disability benefits was denied. She moved for reconsideration, and the denial decision was affirmed. DePriest appealed the petition decision 18 days after the window for a timely appeal expired, and the appeal was dismissed.

DePriest appeals the final order dismissing her appeal as untimely arguing that the doctrines of equitable tolling and equitable estoppel prevent dismissal of her otherwise late administrative appeal. We disagree and affirm.

## FACTS

Tammy DePriest worked as a paramedic/firefighter and was enrolled in the LEOFF 2 state retirement plan. In 2016, DePriest retired with permanent line-of-duty disability. In 2020,

she applied for significantly higher catastrophic duty disability benefits through LEOFF 2. DRS

determined that while DePriest was still duty disabled from the job of firefighter, DePriest was

not totally incapacitated from performing any substantial gainful activity. AR 3. DePriest filed a

petition for reconsideration. On April 1, 2021, DRS issued a petition decision affirming its

decision to deny catastrophic disability benefits. A petition coordinator for the department

emailed DePriest a copy of the decision. The end of the petition decision included a notice

stating:

> If you disagree with this petition decision, you may file an appeal with the DRS
> Presiding Officer within 60 days of the date of this decision. DRS must <u>receive</u>
> your notice of appeal within that 60-day timeframe. The DRS appeal rules are in
> chapter 415-08 WAC. For questions about the appeal process, contact the DRS
> Presiding Officer.

Admin. Rec. (AR) at 50.

DePriest emailed Tammy Sadler, a benefits ombudsman and communication manager

with the LEOFF 2 Retirement Board (Retirement Board) with whom she had been

communication about her claim. The Retirement Board is a separate state agency and not part of

the DRS agency. Sadler responded to DePriest that the LEOFF Board Director, Steve Nelson,

would be in touch with DePriest to discuss next steps and that they would be tracking DePriest's

case.

On May 27, 2021, DePriest emailed Sadler stating that she was checking in to see if there

was anything she needed to do since she had not yet heard from Director Nelson. Sadler

responded instructing DePriest to send a copy of a medical report that DRS used to deny

DePriest's application, which DePriest promptly attempted to obtain. On June 10, 2021, Sadler

2

emailed DePriest stating there appeared to be "significant reason to question [DRS' decision]" based on the Univ. of Mass. Med. Sch. (UMASS) report. AR at 5.

The 60-day window to appeal the petition decision expired on May 31, 2021. On June 17, 2021, DePriest discovered that the Retirement Board had not filed her appeal and that she had to file an appeal herself. On the same day, DePriest sent an email to the petition examiner stating that she was "formally filing any appeal of my petition decision." AR at 5. A petition coordinator responded instructing DePriest to submit an appeal by email or mail. The following day, DePriest emailed DRS' appeals unit stating that her formal appeal of the petition decision was attached.

At DRS, DePriest argued that equitable tolling and equitable estoppel should excuse her from the 60-day appeal limit based on her communications with the Retirement Board and her misunderstanding that the board had filed an appeal on her behalf. DRS concluded that neither equitable tolling nor equitable estoppel applied to excuse DePriest from the 60-day appeal window and dismissed DePriest's appeal as untimely.

DePriest appealed. The superior court certified the case for direct review by this court pursuant to RCW 34.05.518.

## ANALYSIS

### I. EQUITABLE TOLLING

DePriest argues that the doctrine of equitable tolling should apply as an exception to the time limitation for her appeal based on the retirement board's false assurances that they were tracking her case. We disagree.

Equitable tolling and other "equitable doctrines grew naturally out of the humane desire to relieve [parties] under special circumstances from the harshness of strict legal rules." *Ames v. Dep't of Lab. & Indus.*, 176 Wash. 509, 513, 30 P.2d 239 (1934). Equitable tolling is an extraordinary form of relief and is appropriate only when it is consistent with the purposes underlying the governing statutory rules and when justice demands a departure from those rules. *Fowler v. Guerin*, 200 Wn.2d 110, 125, 118, 515 P.3d 502 (2022). In the context of statutes of limitations, Washington courts have cautioned against applying equitable tolling in a manner that "would substitute for a positive rule established by the legislature a variable rule of decision based upon individual ideas of justice." *Leschner v. Dep't of Lab. & Indus.*, 27 Wn.2d 911, 926, 185 P.2d 113 (1947).

In civil cases, Washington courts have consistently required a plaintiff seeking equitable tolling of a statute of limitations to demonstrate

> (1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception interfered with the plaintiff's timely filing, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations.

*Guerin*, 200 Wn.2d at 125 (describing the four predicates as the *Millay*[1] standard). Our Supreme Court has recognized a more "relaxed" standard in the context of personal restraint petitions. *See In re Pers. Restraint of Fowler*, 197 Wn.2d 46, 53, 479 P.3d 1164 (2021).

DePriest urges us to extend that more relaxed standard to this case. However, our Supreme Court recently declined to do exactly that, noting that personal restraint petitions are

---

[1] *Millay v. Cam*, 135 Wn.2d 193, 955 P.2d 791 (1998).

unique and highlighting that in that context the court "has inherent authority to extend time to file a habeas-style challenge to a conviction." *Guerin*, 200 Wn.2d at 124. As clearly held in *Guerin*, in civil cases Washington courts must evaluate each of the four-part *Millay* standard in light of the particular facts of each case and should equitably toll the applicable statue of limitations only when all four parts of the standard are satisfied. *Id*. at 125.

Applying the four-part *Millay* standard, DePriest's argument that equitable tolling should apply to her case fails because she cannot show "bad faith, deception, or false assurances by the defendant." 135 Wn.2d at 206. DePriest acknowledges that the LEOFF 2 retirement board is not a part of DRS. Br. of Appellant 20. The Retirement Board is a separate agency from DRS. RCW 41.26.720. The Retirement Board does not administer the LEOFF 2 retirement plan and has no decision making abilities with respect to benefit or disability decisions for LEOFF plan members. RCW 41.26.717, .720. Because any false assurances given to DePriest did not come from DRS, DePriest cannot meet the *Millay* requirements to show equitable tolling.

## II.  EQUITABLE ESTOPPEL

DePriest also argues that equitable estoppel should apply to exempt her from the time limit to appeal. However, the doctrine of equitable estoppel requires a showing of "a statement, admission, or act *by the party to be estopped*, which is inconsistent with its later claims." *Wilson v. Dep't of Ret. Sys.*, 15 Wn. App. 2d 111, 125, 475 P.3d 193 (2020). Similarly to her equitable tolling argument, DePriest's equitable estoppel argument fails because she cannot show that DRS made a statement, admission, or act that was inconsistent with its later claims.

We affirm.

5

No. 57474-8-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Che, J.

We concur:

Cruser, A.C.J.

Veljacic, J.

6