[No. 456.   Decided February 9, 1892.]

THE STATE OF WASHINGTON, *on the Relation of Gordon & Ferguson,* v. THE SUPERIOR COURT OF JEFFERSON COUNTY, WASHINGTON, M. B. SACHS, *Judge of Said Court,* AND W. F. FENIMORE, *Clerk of Said Court.*

EXECUTION SALE—DISTRIBUTION OF PROCEEDS—PROHIBITION.

Where money has been collected by a sheriff on execution sale and turned over to the clerk of the court, such money is in the clerk's custody to be paid by him to the proper party; and the order of the judge denying payment of such money to one judgment creditor on his *ex parte* application, but directing payment to another judgment creditor who was not before the court in such proceeding, is of no binding obligation on the clerk, and consequently presents no ground for the issuance of a writ of prohibition.

*Original Application for Prohibition.*

*Ballinger & Ballinger,* for relators.

*John Trumbull,* for respondents.

The opinion of the court was delivered by

STILES, J.—This was a proceeding of similar character to that of *State, ex rel. Schloss, v. Superior Court, ante,* p. 696. The differences were, that in the case above named the fund was in the hands of the court, as the proceeds of sales of attached property of the debtor Levy, made by a receiver theretofore appointed by the court, and a special proceeding was instituted by the several judgment creditors who joined in an agreed statement of facts and submitted the question of priorities of lien to the court for its decision, all parties thus being parties to the proceeding, and being bound by the judgment; whereas, in the case under consideration the relators by their *ex parte* motion asked the court to direct the clerk to pay to them certain money paid in to him by the sheriff as proceeds of a sale of other of Levy's property under an execution issued by the State Bank of Washington. The court denied the motion as made, and without any authority, as we think, found that the judgment of the bank had been satisfied, and ordered the money to be applied to the satisfaction of the judgment of one Joseph Levy, who was not in court and was not asking any relief in the premises.

The relators gave notice of an appeal from this order, filed their bond for a *supersedeas,* and now demand that the superior court and the judge thereof be prohibited from taking certain action looking to the payment of the money to Joseph Levy. A few days after the filing of the bond a court bailiff summoned the attorney for the relators into the presence of the court, where the attorney for Levy orally demanded the execution of the order appealed from, and the drawing and delivery to him of a check for the money by the judge and clerk; and it is said that they threaten to comply with this demand, to the defeat of the appeal taken to this court. We hold the proper view of

this case to be that the relators had no right to make an *ex parte* application as they did, and that the court had no jurisdiction to make any order thereon.  Something is stated about a rule of the court which does not permit the clerk to pay out money "in the registry" of the court without the judge's permission, evidenced by his counter-signature of the clerk's check.   If there be such a rule, it is probably a good regulation when money comes into the registry of the court, as it may be termed, as it did come in the Schloss case, through the intervention of the court's receiver.   But this money did not get into the clerk's hands in that way, and was not in the registry, and neither the court nor the judge had any control over it, except by proper proceedings to bring the matter up, which must include the clerk and all parties asserting claims.

When money is made upon execution by a sheriff, § 330 of the code makes it his duty to pay the same to the clerk, who must immediately notify the party to whom the same is payable, and pay it over to him on demand.   Both of these officers fail of this duty under severe penalties, and are liable upon their bonds therefor, and the clerk would certainly be liable, if he paid to the wrong party, for all that was thus lost to the one entitled.   It may well be, how-ever, that in cases where there are numerous attachments or executions, out of which conflicting claims arise, there may be a summary appeal to the court to determine who is to be preferred, in which all claimants may be heard, and there may be an appeal to this court.   But until such proceeding is taken, neither the court nor the judge can interfere with the ministerial duty of the clerk.

In this case, therefore, the order entered was without force, and was no binding obligation upon the clerk; and the threatened action of the court or judge in countersign-ing the clerk's check could avail nothing, either to injure the relators or to protect the clerk, in case he paid to the

wrong party.   The question, if there be a question, who is entitled to the fund is still open, and subject to the clerk's decision, until some proper judicial proceeding is taken to direct his action.

The petition is, therefore, denied.

ANDERS, C. J., and DUNBAR and SCOTT, JJ., concur.

HOYT, J.—I concur in the result, and also in what has been said, excepting that I think that, under the circumstances of this case, it was the duty of the sheriff to pay the money into the court to be distributed in a proper proceeding.