**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLY M. CUNNINGHAM,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>ADAM FORTNEY, Snohomish County Sheriff; STAN WHITE, Chief of Police, Mill Creek, WA; MIKE REESE, Director of Corrections on behalf of State of Oregon; JANE AND JOHN DOES, 1-50,<br><br>    Defendants - Appellees. | No. 24-1914<br><br>D.C. No. 2:23-cv-01949-BHS-BAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 18, 2025[**]

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Bradly M. Cunningham appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from his criminal proceedings and from actions that occurred in the 1990s. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Cunningham's claims against defendants Fortney and White as time-barred because Cunningham failed to file his action within the statute of limitations and he failed to allege circumstances that justified equitable tolling. *See Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) ("[T]he appropriate statute of limitations in a § 1983 action is the three-year limitation of Wash. Rev. Code § 4.16.080(2)." (citation omitted)); *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." (citation omitted)).

The district court properly dismissed Cunningham's claims against defendant Reese relating to Cunningham's criminal conviction because the claims were duplicative of claims Cunningham brought in 2018 that were dismissed. *See Cunningham v. Washington County*, No. 6:18-CV-00049-SI, 2018 WL 11225272, at *1 (D. Or. Apr. 25, 2018), *aff'd,* No. 18-35413, 2019 WL 12536621 (9th Cir. May 28, 2019); *see also* 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous or malicious); *Cato v. United States*, 70

F.3d 1103, 1105 n. 2 (9th Cir. 1995) (district court can dismiss an action as frivolous under 28 U.S.C. § 1915 where complaint "merely repeats pending or previously litigated claims").

The district court did not abuse its discretion in denying Cunningham's motion for reconsideration because Cunningham failed to set forth any basis for relief. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (standard of review).

Cunningham's motion for additional time to pay the filing fee (Docket Entry No. 4) is denied as moot. All other pending motions are denied.

**AFFIRMED.**